MARY O. THOMPSON AND HUSBAND v. D. E. WILLIAMS.

(Filed 27 February, 1918.)

### 1. Appeal and Error—Case—Requisites.

The appellant is required, in stating his case on appeal, to make a concise statement of the entire case necessary to present the assignments of error relied upon, and set out the necessary and pertinent evidence in narrative form, together with the charge of the court necessary to be considered; and when this is not done the appellee may move before the trial judge to dismiss the appeal.

### 2. Appeal and Error—Case—Evidence—Narrative Form—Exceptions.

Upon exception, when the appellant has set out the evidence in narrative form, it is the duty of the trial judge to supervise and correct it, where correction is required.

### 3. Appeal and Error—Case—Certificate of Judge—Motion to Dismiss.

Where the trial judge has certified that the parties have been unable to agree upon the case on appeal, and that the foregoing is the case, it is binding upon the Supreme Court and it will not be dismissed (Rules 17-21) on the ground that no case on appeal had been stated and settled. Revisal, sec. 591.

ACTION, tried before *Justice, J.,* at June Term, 1917, of PASQUOTANK, upon these issues:

1. Did the plaintiff and defendant enter into contract, as alleged in the complaint? Answer: "Yes."

2. Did the defendant wrongfully refuse to comply with his part of the contract? Answer: "No."

3. Was the plaintiff ready, able and willing to comply with his part of the contract? Answer: "No."

4. Did plaintiff abandon his contract? Answer: "Yes."

5. What damages, if any, is the plaintiff entitled to recover? Answer: "None."

6. What damages, if any, is the defendant entitled to recover upon his counterclaim? Answer: "None."

The court rendered judgment dismissing the action, and plaintiffs appealed.

*Aydlett & Simpson for plaintiffs.*
*Ehringhaus & Small for defendant.*

PER CURIAM: The defendant, appellee, moved to dismiss the appeal under Rules 17 and 21, for that there has been no case on appeal stated and settled by the judge, as required by the statute, Revisal, sec. 591.

It is contended, and so appears in the record, that there was a case

on appeal and counter-case served, and that the judge undertook, upon request, to settle the case on appeal. The appellee contends that the clerk received from the judge the paper marked "Case on Appeal" attached to his affidavit. It appears therein that instead of settling the case on appeal the judge simply made a few small pen corrections in the notes of charge and referred the balance of case to the clerk, arbitrarily ordering him to "copy all the testimony in case as offered by the parties, putting the testimony of the witnesses in narrative form."

The defendant further contends that "the plaintiff's attorneys, at the request of the clerk, took the stenographer's typewritten notes of the evidence and reduced the same to narrative form under the supervision of the clerk."

It was the duty of plaintiff, appellant, in stating the case on appeal to make a concise statement of the entire case necessary to present the assignments of error relied upon. In doing so, the appellant should set out all necessary and pertinent evidence in narrative form, together with the charge of the court. This is necessary in order to constitute a concise and proper statement of a case on appeal. For failure to do so the appellee may except and move before the judge, when settling the case, to dismiss the appeal for failure to serve a proper statement. When the evidence is stated in narrative form by the counsel for appellant, it is the duty of the trial judge, if exception is taken to the statement, to supervise and correct it.

In the record in this case, the judge of the Superior Court certifies over his own signature as follows: "Parties being unable to agree on case on appeal, the court settles the foregoing as case on appeal. Attorneys waived notice of time and place." This certificate is binding upon us and we cannot go behind it. From it we must conclude that the judge supervised the settlement of the case on appeal and that it has received his approval.

The motion to dismiss must be denied.

Considering the appeal upon the assignments of error, we find no substantial error committed which necessitates another trial.

There are no exceptions to the evidence. The sixteen exceptions to the charge are principally directed to a construction of his Honor's charge and no serious question of law is presented. The charge is set out in full and appears to be a clear, fair and full presentation of the issues to the jury.