W. ARTHUR MILLSAPS AND WIFE, JEAN MILLSAPS, PLAINTIFF APPELLANTS

v.

WILKES CONTRACTING COMPANY, DEFENDANT APPELLEE

v.

NORTH CAROLINA STATE HIGHWAY COMMISSION AND RAY SPANGLER, THIRD-PARTY DEFENDANT APPELLEES

No. 7230SC26

(Filed 24 May 1972)

1. **Negligence § 1— mere fact of injury**

Negligence is never presumed from the mere fact of an accident or injury, except in the narrow class of cases to which the doctrine of *res ipsa loquitur* applies.

2. **Rules of Civil Procedure § 56— motion for summary judgment — reliance on pleadings**

When a motion for summary judgment is supported as provided by Rule 56, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial.

3. **Rules of Civil Procedure § 56— motion for summary judgment — affidavits — service with motion**

It is not required that all affidavits offered at the hearing on a motion for summary judgment be attached to and served with the motion.

4. **Appeal and Error § 38— settlement of case on appeal — appellate review**

The action of the judge in settling the case on appeal, when the parties cannot agree, is final and will not be reviewed on appeal.

5. **Highways § 7— highway contractor — blasting operations — absence of negligence — summary judgment**

Summary judgment was properly entered in favor of defendant highway contractor in an action to recover for damages to plaintiffs' property allegedly caused by defendant's blasting operations in the construction of a highway for the State Highway Commission, where defendant presented testimony by affidavits tending to show that defendant used approved blasting methods in general use, and plaintiffs failed to produce evidence of any specific acts or omissions on the part of defendant that would constitute negligence in its blasting operations.

APPEAL by plaintiffs from *Thornburg, Judge,* 21 June 1971 Session of GRAHAM Superior Court.

Plaintiffs instituted this action on 29 June 1970 to recover $25,000 damages to their real property allegedly caused by de-

Millsaps v. Contracting Co.

fendant Wilkes. In their amended complaint filed on 23 July 1970 they allege: Plaintiffs are the owners of a tract of land situate in Graham County. On 27 July 1967 and for some time prior thereto defendant Wilkes through blasting operations by the use of explosives caused boulders, rocks, debris and other substances to be hurled and deposited upon and into land, buildings, structures, standing trees and streams belonging to plaintiffs.

In its answer to the amended complaint defendant Wilkes set forth: On the dates alleged in the amended complaint it was acting as a contractor for the North Carolina State Highway Commission in carrying out plans, specifications and requirements of a contract in the relocation and rebuilding of U. S. Highway #129. The blasting complained of occurred on a portion of a right-of-way acquired by the State Highway Commission from plaintiffs in a condemnation proceeding. The blasting done by defendant Wilkes was reasonably necessary to carry out its contract and was done under the supervision of State Highway Commission engineers. As a further defense defendant Wilkes alleged that subsequent to 27 July 1967 and before the institution of this action trial was had in a condemnation proceeding between the State Highway Commission and plaintiffs, following which plaintiffs herein were paid $25,000, plus $4,515 interest, for all damages sustained by plaintiffs by reason of the construction of the highway aforesaid on or through their property. Pursuant to Rule 14 of the Rules of Civil Procedure, defendant Wilkes further alleged that the State Highway Commission and its resident engineer, Ray Spangler, should be joined as parties to this action to indemnify defendant Wilkes against any recovery that might result from plaintiffs' action. The State Highway Commission and Spangler were made third-party defendants.

In its pleadings defendant Wilkes pleaded in full the condemnation proceeding between the State Highway Commission and plaintiffs and also the contract between defendant Wilkes and the State Highway Commission.

Various motions not pertinent to this appeal were filed by certain of the parties and dispositions made of said motions. In due time motions for summary judgment were filed by third-party defendants State Highway Commission and Spangler, asking that the action be dismissed as to them. Pursuant to Rule

56, defendant Wilkes filed motion for summary judgment asking that plaintiffs' action be dismissed with prejudice.

By agreement the motions for summary judgment were heard on 11 June 1971. At the hearing defendant Wilkes in support of its motion for summary judgment against plaintiffs introduced in evidence the following: Pleadings and proceedings in the case of *State Highway Commission v. W. Arthur Millsaps and wife Jean Millsaps;* affidavits of Leland L. Cochrane and J. C. Critcher, III; answer of defendant Wilkes to the amended complaint and its third-party complaint against defendant State Highway Commission and Spangler; a document entitled "Standard specifications for road structures including supplement No. 1" of the State Highway Commission, revised January 1, 1965; pleadings in a separate action instituted by defendant Wilkes against the State Highway Commission and plaintiffs herein. On the question of negligence plaintiffs introduced the affidavit of one Posey Waldroup.

Following a hearing on the motions the court entered summary judgment in favor of third-party defendants State Highway Commission and Spangler. The court, after appropriate findings of fact and conclusions of law including a finding that "no affidavits have been offered by the plaintiffs Millsaps in this action showing affirmatively specific facts that there is any genuine issue for trial" between plaintiffs and defendant Wilkes, entered summary judgment in favor of defendant Wilkes. Plaintiffs appealed.

*Williams, Morris & Golding by James W. Williams for plaintiff appellants.*

*William J. Cocke for defendant appellee Wilkes Contracting Company.*

*Attorney General Robert Morgan by H. A. Cole, Jr., Assistant Attorney General, for the State.*

BRITT, Judge.

Although a brief was filed on behalf of third-party defendants State Highway Commission and Spangler, no appeal was perfected from the summary judgment in their favor. Therefore, the question for determination is: "Did the trial court err in entering summary judgment in favor of defendant Wilkes?" We hold that it did not.

In *Moore v. Clark*, 235 N.C. 364, 70 S.E. 2d 182 (1952), opinion by Ervin, Justice, quoted with approval in *Highway Commission v. Reynolds Co.*, 272 N.C. 618, 624, 159 S.E. 2d 198, 203 (1968), we find the following:

"A contractor who is employed by the State Highway and Public Works Commission to do work incidental to the construction or maintenance of a public highway and who performs such work with proper care and skill cannot be held liable to an owner for damages resulting to property from the performance of the work. The injury to the property in such a case constitutes a taking of the property for public use for highway purposes, and the only remedy available to the owner is a special proceeding against the State Highway and Public Works Commission under G.S. 136-19 to recover compensation for the property taken or damaged. (Citations.) But if the contractor employed by the State Highway and Public Works Commission performs his work in a negligent manner and thereby proximately injures the property of another, he is personally liable to the owner therefor. (Citations.)"

It is thoroughly established in the instant case that defendant Wilkes was a contractor employed by the State Highway Commission to perform work incidental to the construction of a public highway. The question then arises, did defendant Wilkes perform its work in a negligent manner and thereby proximately injure the property of plaintiffs?

[1] Negligence is never presumed from the mere fact of an accident or injury, except in the narrow class of cases to which the doctrine of *res ipsa loquitur* is applicable. *Coakley v. Motor Co.*, 11 N.C. App. 636, 182 S.E. 2d 260 (1971); cert. den. 279 N.C. 393, 183 S.E. 2d 244. Plaintiffs do not argue nor do we think that said doctrine is appliable in this case. 20 A.L.R. 2d 1372, 1397 (1951).

As was said by Judge Parker in speaking for this court in *Patterson v. Reid*, 10 N.C. App. 22, 28, 178 S.E. 2d 1, 5 (1970): "The motion for summary judgment under Rule 56 of the Rules of Civil Procedure (G.S. 1A-1, Rule 56) is a procedure new to the courts of this State. * * * The purpose of the rule is not to resolve a disputed material issue of fact, if one exists, but to

provide an expeditious method for determining whether any such issue does actually exist."

In *Pridgen v. Hughes*, 9 N.C. App. 635, 639-40, 177 S.E. 2d 425, 428 (1970), Judge Morris, speaking for this court, said: "The burden is on the moving party to establish the lack of a triable issue of fact. The evidentiary matter supporting the moving party's motion may not be sufficient to satisfy his burden of proof, even though the opposing party fails to present any competent counter-affidavits or other materials. *Griffith v. William Penn Broadcasting Co.* (E.D. Pa. 1945) 4 F.R.D. 475. 'But if the moving party by affidavit or otherwise presents materials which would require a directed verdict in his favor, if presented at trial, then he is entitled to summary judgment unless the opposing party either shows that affidavits are then unavailable to him, or he comes forward with some materials, by affidavit or otherwise, that show there is a triable issue of material fact. He need not, of course, show that the issue would be decided in his favor. But he may not hold back his evidence until trial; he must present sufficient materials to show that there is a triable issue.' Moore's Federal Practice, 2d Ed., Vol. 6, § 56.11 (3), p. 2171."

[2] When the motion for summary judgment is supported as provided by Rule 56, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth *specific facts* showing that there is a genuine issue for trial. *Patterson v. Reid, supra.*

At the hearing on its motion for summary judgment, defendant Wilkes presented, along with other documents and materials, the affidavit of its president, J. C. Critcher, III. Pertinent parts of this affidavit are summarized as follows: In performing the contract with the State Highway Commission, defendant encountered solid rock and blasting was required to attain the correct grade specified in the contract. In blasting the rock, defendant used approved methods in general use. Plaintiffs' structure allegedly damaged was only two hundred feet from the center line of the grading and was below the grade at an angle of declivity of at least 45 degrees. Any damage to the structure was done by rocks rolling down the incline. The resident engineer and inspectors of the State Highway Commis-

sion were continually on the project during construction and during the blasting and knew of the difficulties encountered.

Defendant Wilkes also presented the affidavit of Leland L. Cochrane, pertinent parts of which are summarized thusly: Mr. Cochrane is a certified blaster (licensed in certain other states) with fifteen years experience. He did the drilling to go through the rock that was blasted. Regular 40% dynamite was used to move the rock and the charges were set in the best way to avoid any damage to any property. Two State inspectors were on the job at all times during the blasting; they observed the holes drilled, the amount of charges used, were fully informed as to the blasting, and made no objections to the procedures followed. No other precautions could have been taken to prevent the damage. More holes and less dynamite than usual were used in an effort to prevent damage.

[3] Plaintiffs argue that the entire affidavit of Cochrane and portions of the affidavit of Critcher were inadmissible; and that without said inadmissible material there is no support for the summary judgment. They contend that Cochrane's affidavit was inadmissible for the reason that it was not attached to and served with the motion for summary judgment, thus violating the sentence of Rule 56(e) providing "(s)worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." We do not think the quoted sentence or any part of Rule 56(e) has the effect of requiring that all affidavits offered at the hearing on a motion for summary judgment be attached to and served with the motion. In 5 Wake Forest Intra. L. Rev. 91 (1969), it is said: "A motion (for summary judgment) may or may not be accompanied by affidavits, and the adverse party may serve opposing affidavits prior to the day of the hearing. Rule 6(d) provides that when a motion is supported by affidavit, the affidavit shall be served with the motion. However, in view of the express provisions of Rule 56, Rule 6(d) would likely not apply to affidavits presented in support of summary judgment. In any event, subparagraph (e) of Rule 56 gives broad discretion to the court in allowing the filing of affidavits." See also 3 Barron and Holtzoff, Federal Practice and Procedure, § 1237, p. 167 (Wright ed. 1958).

[4] The record on appeal approved by Judge Thornburg (R. p. 67) and his judgment contradict plaintiffs' contention that

the Cochrane affidavit was not introduced at the hearing on defendant Wilkes's motion for summary judgment. It appears to be well established in this State that the action of the judge in settling the case on appeal, when the parties cannot agree, is final and will not be reviewed on appeal. *Thompson v. Williams*, 175 N.C. 696, 95 S.E. 100 (1918); *State v. Gooch*, 94 N.C. 982 (1886).

Although there are portions of the Critcher affidavit that would be inadmissible in evidence, i.e. "damage to said structure was inevitable," "such damage could not have been avoided in the construction and grading of this highway," a substantial portion of the testimony set forth in the affidavit would be admissible and properly supports the summary judgment.

[5] We think defendant Wilkes carried its burden in establishing the lack of a triable issue of fact. It was then up to plaintiffs to set forth specific facts showing a genuine issue for trial. *Pridgen v. Hughes, supra.* With respect to negligence plaintiffs' amended complaint alleges only that defendant through blasting operations caused boulders, rocks, and debris to be hurled and deposited upon structures and property of plaintiffs; that the destruction was caused exclusively by the negligence of defendant Wilkes by conducting blasting in close proximity to plaintiffs' property, knowing such blasting would cause damage and failing to take necessary precautions. Other than the bare allegations of the amended complaint which give no *specific facts* as to the negligence of defendant Wilkes there is the supporting affidavit of Posey Waldroup, a blaster with 38 years of experience, who merely states that in his opinion the construction of the road could have been done without major damages to plaintiffs' property as far as blasting or construction is concerned.

The amended complaint and Waldroup's affidavit do not sufficiently allege specific facts showing a genuine issue for trial. G.S. 1A-1, Rule 56(e). Plaintiffs failed to set forth any specific acts or omissions on the part of defendant Wilkes that would constitute actionable negligence. If the same evidence which was presented to Judge Thornburg had been presented at a trial of this action, defendant Wilkes would have been entitled to a directed verdict; that is the test in determining if a

moving party is entitled to summary judgment. *Pridgen v. Hughes, supra.*

For the reasons stated, the judgment appealed from is

Affirmed.

Judges CAMPBELL and GRAHAM concur.