NATIONWIDE MUTUAL INSURANCE COMPANY v. ANDREW
CURRIE CHANTOS

No. 7410SC112

(Filed 20 March 1974)

**Rules of Civil Procedure § 56— affidavits in support of summary judgment
motion — time for filing**

Though G.S. 1A-1, Rule 56, does not contain a specific provision
with respect to when affidavits in support of a motion for summary
judgment must be filed and served, it is implicit that they should be
filed and served sufficiently in advance of the hearing to permit
opposing affidavits to be filed prior to the day of the hearing; there-
fore, it was error for the trial court to allow defendant to offer affi-
davits in support of his motion for summary judgment for the first
time at the time of the hearing.

APPEAL by plaintiff from *Smith, Judge,* 28 May 1973 Ses-
sion of Superior Court held in WAKE County. Argued in the
Court of Appeals 20 February 1974.

Plaintiff seeks to recover from defendant the sum it paid
in damages to a third party because of alleged negligence in
the operation of an automobile by defendant. Plaintiff alleges
its right to recover arises from its specification of this right in
its contract of insurance as permitted by G.S. 20-279.21 (h).
Plaintiff alleges it was obligated to pay, not by the written
provisions of its contract of insurance, but because of the pro-
visions of G.S. 20-279.21 (b) (2) requiring it to pay for damages
negligently inflicted by one in lawful possession of the insured
vehicle.

Defendant filed a Rule 56(b) motion for summary judg-
ment on 4 April 1973, and served notice thereof by mailing a
copy of the motion to counsel for plaintiff on 4 April 1973. The
motion for summary judgment was heard by Judge Smith
during the 28 May 1973 session. At the time of the hearing,
defendant offered affidavits in support of his motion for sum-
mary judgment. Plaintiff objected to the affidavits being filed,
for the first time, on the date of the hearing. Plaintiff's objec-
tions were overruled, and, subsequently, summary judgment
was rendered for defendant based largely upon the information
in the affidavit of defendant which was offered for the first
time at the time of the hearing. The allowance of the affidavits
at the time of the hearing, over plaintiff's objections, is the
subject of plaintiff's first assignment of error.

*Ragsdale & Liggett, by George R. Ragsdale, for the plaintiff.*

*Teague, Johnson, Patterson, Dilthey & Clay, by Ronald C. Dilthey, for the defendant.*

BROCK, Chief Judge.

G.S. 1A-1, Rule 56 does not contain a specific provision with respect to when affidavits in support of a motion for summary judgment must be filed and served. Nevertheless, it seems implicit in Rule 56(c) that such affidavits must be filed and served prior to the day of the hearing. Rule 56(c) provides: "The adverse party prior to the day of hearing may serve opposing affidavits." It is clear that opposing affidavits are to be served prior to the day of the hearing. It follows that the clear intent of the legislature is that supporting affidavits should be filed and served sufficiently in advance of the hearing to permit opposing affidavits to be filed prior to the day of the hearing. The foregoing is inferred by Rule 56(c) without resort to other provisions of the Rules of Civil Procedure. However, Rule 6(d) specifically provides: "When a motion is supported by affidavit, the affidavit shall be served with the motion." This provision of Rule 6(d) applies to affidavits in support of a Rule 56 motion for summary judgment.

Our ruling upon this question is supported by recognized authors on the subject of the federal rules after which our rules are patterned.

"The moving party should serve his supporting affidavits, if any, with his motion; and normally the adverse party should serve his opposing affidavits, if any, prior to the day of hearing." 6 Moore's Federal Practice, 2d ed., p. 2820. "If the party seeking summary judgment desires to use affidavits, he should serve supporting affidavits that meet the testimonial requirements of Rule 56(e) with his motion." Id., p. 2256. "According to Rule 6(d), any affidavits in support of the summary judgment motion also should be served at the time the motion is served, unless the court exercises its discretion under Rule 6(b) and permits later service." 10 Wright and Miller, Federal Practice and Procedure, § 2719, p. 450. See also, 3 Barron & Holtzoff, Federal Practice and Procedure, § 1237, p. 167 (Wright ed. 1958).

Clearly, Rule 6(b) gives the trial court wide discretionary authority to enlarge the time within which an act may be done.

However, the discretion to be exercised is a judicial discretion, not an unrestrained one. Rule 6(b) itself provides that, in order to obtain an enlargement of time within which to do an act, the request for enlargement of time must be made before the expiration of the period originally prescribed or as extended by previous order. If the request for enlargement of time is made after the expiration of the period of time within which the act should have been done, there must be a showing of excusable neglect.

In the case presently before us, there was no request for enlargement of time within which to file and serve the affidavits made prior to making the motion for summary judgment, nor was there a finding of excusable neglect in failing to serve the affidavits with notice of the motion for summary judgment. Therefore, the movant has failed to proceed in a manner that would permit the trial court to exercise its discretion under Rule 6(b).

It is interesting to note that defendant apparently deliberately withheld the service of his affidavit until the day of the hearing. According to the date of the defendant's affidavit, and the date of the verification thereof, it was signed on the same day that counsel certified that notice of the motion for summary judgment was mailed to plaintiff's counsel. It seems clear, therefore, that the affidavit was available for service with the notice of motion for summary judgment. If this practice were permitted, affidavits in support of a motion for summary judgment could always come as a surprise to the opposing party and would effectively deny the opposing party a chance to present affidavits in opposition to the motion.

Undoubtedly, Rule 56(e) grants to the trial court wide discretion to permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. However, this provision presupposes that an affidavit or affidavits have already been served. The rule speaks only of supplementing or opposing. Clearly, it does not intend to authorize filing, on the day of the hearing, the only affidavits supporting the motion for summary judgment.

Defendant cites and relies upon *Millsaps v. Contracting Company*, 14 N.C. App. 321, 188 S.E. 2d 663, in support of his right to withhold his affidavit until the day of the hearing. True, there is language quoted in *Millsaps* which tends to support defendant's position. However, the particular language

relied upon by defendant is contained in a quote from 5 Wake Forest Intra. L. Rev. 87, at 91 (1969). Suffice it to say, we do not agree with the language quoted from the article insofar as it suggests that Rule 6(d) does not apply to an affidavit in support of a motion for summary judgment. In any event, *Millsaps* was not concerned with a failure of the movant to serve the supporting affidavit with the notice of motion for summary judgment. The record in the *Millsaps* case dicloses that the affidavits about which the appellant in *Millsaps* complained were affidavits offered *in opposition* to the motion for summary judgment. Also, the record in the *Millsaps* case discloses that appellant did not object to the offer of the affidavits until appellant's brief was filed in this court. We conclude, therefore, that *Millsaps* does not rule upon the question presented by the present appeal.

Defendant further argues that it is proper to withhold affidavits in support of a motion for summary judgment until the day of the hearing because Rule 43(e) permits oral testimony at the hearing. Defendant argues that, if the movant is permitted to offer oral testimony without prior notice, it is reasonable to offer affidavits without prior notice. One answer to this argument is that a witness giving oral testimony is subject to cross-examination; an affidavit is not. Primarily, the answer to this argument is the further provision in Rule 43(e) that the hearing on oral testimony is at the direction of the court, not necessarily upon the choice of counsel. "The provisions of Rule 43(e) can be used in supplementing a summary judgment hearing through the use of oral testimony. This procedure should normally be utilized only if a small link of evidence is needed, and not for a long drawn out hearing to determine whether there is to be a trial." 6 Moore's Federal Practice, 2d ed., p. 2042.

We express no opinion upon the merits of plaintiff's claim. We merely wish to correct an erroneous proceeding under Rule 56.

Reversed and remanded.

Judges MORRIS and CARSON concur.