LEON SHEARIN v. NATIONAL INDEMNITY COMPANY

No. 757SC224

(Filed 1 October 1975)

**Rules of Civil Procedure § 56— summary judgment — party with burden of proof — credibility of witnesses**

Summary judgment may not be granted in favor of the party having the burden of proof when his right to recover depends upon the credibility of his witnesses. G.S. 1A-1, Rule 56; Article I, § 25 of the N. C. Constitution.

Judge VAUGHN dissenting.

APPEAL by defendant from *Fountain, Judge*. Judgment entered 30 December 1974 in Superior Court, EDGECOMBE County. Heard in the Court of Appeals 14 May 1975.

This is a civil action in which plaintiff seeks to recover under an insurance policy issued by defendant in which defendant agreed to pay for accidental damage to plaintiff's Beech Travelair airplane. In his complaint plaintiff alleged that his airplane was damaged on 18 July 1973 when the landing gear was accidentally retracted while the plane was on the runway at an airport at Rocky Mount. Defendant answered and admitted issuing the policy and that it was in effect on the date the plane was damaged. Defendant denied liability under the policy on allegations that at the time of the accident (1) the insured aircraft was not being used for "Pleasure and Business" and (2) it was not being operated by a pilot having the qualifications and experience as required by the policy.

Item 6 of the Policy Declarations provides that the aircraft will be used for "Pleasure and Business" and defines "Pleasure and Business" as "Personal and Pleasure use and use in direct connection with the Insured's business, excluding any operation for which a charge is made." Item 7 of the Policy Declarations provides that "[o]nly the following pilot or pilots holding valid and effective pilot and medical certificates with ratings as required by the Federal Aviation Administration for the flight involved will operate the aircraft in flight:

"Walter L. Shearin, a private, multi engine rated pilot, or private or commercial multi engine rated pilots with a minimum of 1,000 total logged hours including 200 in multi engine and 10 hours in make and model."

Shearin v. Indemnity Co.

Paragraph 5 of Endorsement No. 1 to the policy is as follows:

"This policy does not apply to any occurrence or any loss or damage occurring while the aircraft is being operated in flight by a Student Pilot, unless each flight is under the direct supervision and is specifically approved by a properly certificated Flight Instructor certificated by the Federal Aviation Agency, however this exclusion shall not apply to any student pilot following the Issuance of a Private Pilot Certificate."

Plaintiff's answers to written interrogatories submitted to him by defendant disclose the following: When the airplane was damaged, it was not being used in direct connection with plaintiff's business. It was being used with plaintiff's permission by W. Jack Hooks, a certified flight instructor, for the purpose of giving dual instruction to William F. Pridgen, who was a long-time personal friend of the plaintiff. Neither Pridgen nor Hooks paid or promised to give any consideration for their use of the aircraft. Pridgen was rated as a private pilot for single-engine aircraft, and Hooks had a commercial pilot rating in single and multi-engine aircraft.

Based on the pleadings and on plaintiff's answers to the interrogatories, defendant moved for a summary judgment on the ground that there was no genuine issue as to any material fact and that defendant was entitled to judgment as a matter of law.

Plaintiff filed a cross-motion for summary judgment, supporting his motion by the pleadings and proceedings theretofore had in the case and by his own affidavit and by affidavits of Hooks and Pridgen. In his affidavit, plaintiff stated that he was the owner of the damaged aircraft which was insured by defendant. Because of his long-standing friendship, he made the airplane available at no charge or cost to Pridgen for Pridgen's use in receiving instruction antecedent to his pilot certification. On 18 July 1973 Pridgen, with plaintiff's permission and authorization, used the airplane under the supervision and instruction of Hooks, a Certificated Flight Instructor, for the purpose of being instructed in the operation and flight of the airplane and to accumulate supervised flying time in the craft.

Hooks stated in his affidavit that he is a Certificated Flight Instructor certified by the Federal Aviation Agency and that

his certification was in effect and valid on 18 July 1973. On 18 July 1973 he had 2,344.85 hours total flying time logged, 710.6 hours of flying time logged in multi-engine airplanes, and 44.7 hours of flying time logged in a Beech Travelair model airplane. On 18 July 1973 he accompanied Pridgen on a flight in plaintiff's airplane for the purpose of instruction and to allow Pridgen to accumulate supervised flying time in the aircraft. The airplane had a dual set of full operational controls, one of which was located at the seat occupied by Pridgen and the other of which was located at the seat occupied by Hooks. At all times during the flight, and specifically at the time of the accident giving rise to this action, Hooks had ready access to the set of controls located at his seat and was engaged in the instruction and direction of Pridgen.

In two affidavits, Pridgen stated that he was certificated as a private pilot, with single engine land rating, but was not rated to fly a dual engine airplane. Because of their mutual friendship, plaintiff made his airplane available to Pridgen for the purpose of Pridgen's receiving instruction therein antecedent to his pilot certification. Pridgen was not rated to fly the aircraft alone, and on 18 July 1973 he requested Hooks, who was a Certificated Flight Instructor, to accompany him on a flight, both to instruct him and to allow him to accumulate supervised flying time in the airplane. This Hooks did, at no charge or cost to Pridgen. On 18 July 1973, after certain procedures had been demonstrated and practiced in the air, Hooks instructed Pridgen to return to the Rocky Mount Downtown Airport for landing practice. After the plane was landed on the runway, Hooks instructed and directed Pridgen to "get his flaps up," whereupon Pridgen inadvertently moved both the flap and gear retraction levers to an "up" position. Before Pridgen's instructor could return the gear retraction lever to a "down" position, the gear was retracted and the airplane collapsed on the runway while in motion, resulting in damage to the plane. The airplane had a dual set of full operational controls, one set of which was located at the seat occupied by Hooks and the other of which was located at Pridgen's seat. Both Pridgen and Hooks had continuous ready access to a set of controls during the entire flight which resulted in the accident.

Defendant did not file any affidavit or other document to contradict the affidavits filed by plaintiff.

The court, finding no genuine issue as to any material fact and concluding as a matter of law that at the time of the accident the plane (1) was being used for "Pleasure and Business" as defined in the policy and (2) was being operated by a pilot who had the qualifications required by the policy, granted plaintiff's motion "for such amount as may be due him as damages," and ordered the cause placed on the civil jury calendar for trial on the sole issue of damages. Defendant appealed.

*Biggs, Meadows, Batts & Wineberry by Samuel W. Johnson for plaintiff appellee.*

*Barden, Stith, McCotter & Stith by F. Blackwell Stith for defendant appellant.*

PARKER, Judge.

This appeal presents the question whether under the Constitution and laws of this State a summary judgment may be granted in favor of the party having the burden of proof when his right to recover depends upon the credibility of his witnesses. On authority of *Cutts v. Casey*, 278 N.C. 390, 180 S.E. 2d 297 (1971), we conclude that the answer is No.

G.S. 1A-1, Rule 56(a) clearly contemplates the possibility of granting a summary judgment in favor of a "party seeking to recover upon a claim, counterclaim, or crossclaim," and normally such a party has the burden of proof. Subsection (e) of Rule 56 also contains the following:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

In the present case defendant did not respond by affidavit or otherwise to plaintiff's motion for summary judgment but rested its defense entirely upon the allegations and denials contained in its answer. Therefore, were we at liberty to give full scope to Rule 56, we would agree with the trial court in the present case that, upon the basis of plaintiff's uncontradicted affidavits, there is here no genuine issue as to any material fact.

We would further agree with the trial court's conclusion of law that, under the facts as disclosed by plaintiff's affidavits and as to which no genuine issue has been shown to exist, plaintiff is entitled to recover under the policy of insurance issued to him by the defendant.

In *Cutts v. Casey, supra,* our Supreme Court held, citing Article I, § 25 of the Constitution of North Carolina, that a trial judge in this State may not direct a verdict under Rule 50 in favor of the party having the burden of proof when his right to recover depends upon the credibility of his witnesses. We are unable to see why the principle announced in *Cutts v. Casey* does not apply with at least equal force when the question is presented by a motion for summary judgment under Rule 56.

That both parties in the present case moved for summary judgment does not change the situation. A defendant may contend that if his legal theory of the case be accepted, no genuine issue of fact exists, and at the same time may also legitimately contend that if his opponent's legal theory be adopted, a genuine dispute as to a material fact does exist.

Because we deem *Cutts v. Casey* controlling, the summary judgment in favor of the plaintiff is reversed and this cause is remanded for trial.

Reversed and remanded.

Judge BRITT concurs.

Judge VAUGHN dissents.

Judge VAUGHN dissenting:

I concur with the majority in the view that, on the undisputed facts in this case, plaintiff is entitled to judgment on the liability issue as a matter of law.

Except for the decision in *Cutts v. Casey,* it would have been my opinion that, if the same evidentiary matters before the judge on this motion for summary judgment had stood uncontradicted as the only evidence before a court on a motion for directed verdict, it would be one of those rare cases where a directed verdict in favor of the party with the burden of proof would have been proper. [It must be noted that the evi-

dence in *Cutts v. Casey* was conflicting and, therefore, it would have been error to direct a verdict in favor of either party.]

In any event, I do not agree that the rule announced in *Cutts v. Casey*, which appears to proscribe a directed verdict in favor of a party with the burden of proof, compels the same decision when that party moves for summary judgment, even where the evidentiary matters on the motions are identical. Although a part of the same struggle, the motions come at different stages of the conflict. The statutes place specific responsibilities on the parties at each encounter and, by his inaction at one, a party may lose the shield that would otherwise be available for the next.

Before the directed verdict question can arise, a party must, of necessity, have theretofore preserved his right to contest an issue at trial. He has done this at the pleading stage of the conflict by, among other things, refuting the allegations of the complaint by answer or other pleadings. If defendant here had ignored the complaint and failed to respond, he could have lost his right to have the jury pass on the issue of liability. The struggle then moved on to the summary judgment arena. Plaintiff supported his attack with affidavits showing that the loss of his aircraft was within the scope of the coverage insured by defendant and, therefore, that there were no issues of fact with respect to liability. Defendant then abandoned the field. It did not attempt to refute these affidavits with either a denial of their truthfulness, an indication that there were other facts which would keep the defense of nonliability alive or any reason why it could not then present facts essential to justify its opposition to the motion. To me, Rule 56 contemplates that this inaction may result in forfeiture of any right to dispute the facts at a later stage of the conflict just as would have resulted from defendant's failure to deny at the pleading stage. In either event defendant must be said to have retreated when the statutes required him to attack in order to keep a factual controversy alive for resolution at trial. Since there was no factual controversy, only a question of law remained. I would affirm the judgment.