HICKORY WHITE TRUCKS, INC., PLAINTIFF-APPELLEE v. CECIL C. BRIDGES, d/b/a DIXIE TRUCK RENTALS, DEFENDANT AND THIRD-PARTY PLAINTIFF-APPELLANT v. TRAVELERS INSURANCE COMPANY, THIRD-PARTY DEFENDANT-APPELLEE

No. 7525DC952

(Filed 4 August 1976)

1. Contracts § 27— contract to repair truck — no triable issue of fact

In an action to recover for repairs made by plaintiff to defendant's truck where defendant alleged that there was a contract between plaintiff and the third party defendant whereby the third-party

defendant agreed to pay plaintiff for the repairs, the trial court properly rendered summary judgment against defendant on this issue, since the answers of plaintiff and third party defendant to interrogatories were inconsistent with the existence of any contract between the two, and defendant's affidavit and other evidence failed to set forth specific facts showing the existence of the alleged contract.

2. Insurance § 99— settlement of insurance claim — release executed by insured — issue as to whether release procured through fraud

In an action to recover for repairs made by plaintiff to defendant's truck where defendant alleged that third-party defendant agreed to pay plaintiff, pleadings, answers to interrogatories and affidavits presented a triable issue of material fact as to whether a release of defendant's claims and rights against third party defendant was procured through fraud.

APPEAL by Cecil C. Bridges, d/b/a Dixie Truck Rentals, defendant and third-party plaintiff, from *Vernon, Judge*. Judgment entered 15 September 1975 in District Court, CATAWBA County. Heard in the Court of Appeals 12 March 1976.

On 7 August 1972 a truck owned by Bridges was damaged in a collision with a vehicle driven by one Edward J. Klenke. Klenke was insured under a policy of automobile liability insurance issued by Travelers Insurance Company, the third-party defendant. Bridges' truck was repaired by Hickory White Trucks, Inc., plaintiff, sometime between the accident date and 28 December 1972. During this period, Bridges was in contact with M. D. Caldwell, III, an adjuster employed by Travelers. On 28 December 1972, Bridges, in consideration of the sum of $8,325.07 paid him by Travelers, executed a release of his claims and rights arising out of the collision.

On 13 January 1975, Hickory White Trucks filed this action against Bridges to recover $1,419.22, plus interest, for repairs to his truck. Bridges denied the alleged indebtedness. In his answer and in a third-party complaint filed against Travelers, Bridges alleged that Hickory White Trucks and Travelers had entered into a contract whereby Travelers agreed to pay Hickory White Trucks and Hickory White Trucks agreed to look to Travelers for payment of any alleged indebtedness. Bridges further alleged in his third-party complaint that Travelers had defrauded him into signing the release dated 28 December 1972. Specifically Bridges alleged that Travelers fraudulently represented to him that it would pay the repair charges to Hickory White Trucks.

Travelers filed an answer to the third-party complaint denying the existence of any contract between it and the plaintiff and further denying that any fraud was involved in the execution of the release. In one of its answers to interrogatories, Travelers attached a detailed listing of each item of damages it considered in paying the $8,325.07 to Bridges. One such item was $1,419.22 for repairs at Hickory White Trucks. Hickory White Trucks, in its answers to interrogatories, denied billing Travelers for the repairs to Bridges' truck and denied telling Bridges that it entered an agreement with Travelers whereby Travelers would pay for said repairs.

Motions for summary judgment were filed by Hickory White Trucks and Travelers, respectively. Bridges filed an affidavit in opposition to the motions. Both motions were granted and Bridges appealed.

*Oma H. Hester, Jr., for plaintiff appellee.*

*Randy D. Duncan, for defendant appellant.*

*Stephen M. Thomas, for third-party defendant appellee.*

MARTIN, Judge.

[1] Defendant contends that the court erred in granting summary judgment for Travelers because the evidence raises a genuine issue of material fact as to whether he was the third-party beneficiary of a contract between plaintiff and Travelers requiring Travelers to pay his truck repair bill.

When motion for summary judgment is made, the court must look at the record in the light most favorable to the party opposing the motion. However, when the motion is supported as provided in the rule, "An adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." G.S. 1A-1, Rule 56(e). The affidavits contemplated by the rule, both those supporting and those opposing the motion, "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." G.S. 1A-1, Rule 56(e).

In its answers to interrogatories, plaintiff stated that it never billed Travelers for the repair of defendant's truck and it never informed Bridges that it had made arrangements whereby Travelers would pay it for any such repairs. Contact between plaintiff and Travelers was limited to Travelers' verification that plaintiff's bill for repairs appeared to be proper and in order. There was no contract between the two and plaintiff assumed that Travelers would issue a settlement check made out jointly to Bridges and plaintiff because "it is common practice for an insurance company to issue checks in settlement of claims that are made payable jointly to the insured, the repair agency, and the lien holder." Hickory White's answers to interrogatories present no evidence whatsoever of any agreement such as Bridges alleged. Travelers' answers to interrogatories likewise are inconsistent with the existence of any such contract.

The motion for summary judgment having been made and properly supported, Bridges could not "rest upon the mere allegation or denial of his pleading," but was bound to "set forth specific facts" showing the existence of a genuine issue for trial. *Millsaps v. Contracting Co.*, 14 N.C. App. 321, 188 S.E. 2d 663 (1972). Bridges' affidavit and other evidence failed to set forth specific facts showing the existence of the alleged contract, and summary judgment was properly rendered against him on this issue.

[2] Defendant also contends that the pleadings, answers to interrogatories, and affidavits presented a triable issue of material fact as to whether the release signed by Bridges was procured through fraud.

In the instant case defendant Bridges, as third-party plaintiff, alleged in his complaint all the factual elements essential to constitute actionable fraud. Reading Bridges' complaint and answers to interrogatories, it appears that he signed the release under the representation that Travelers would pay the truck repair bill. Travelers, in its answer to the complaint and its answers to interrogatories, denied any misrepresentation, stated that the cost of repairing the truck was included in money paid to Bridges, and answered that it was not sure whether Bridges received a copy of the release at the time it was signed.

Travelers, as movant, has the burden of establishing that there is no genuine issue of fact on this point. The material

produced by Travelers in support of its motion for summary judgment demonstrates that it cannot bear this burden of proof. Whether Travelers procured the release from Bridges through fraud was disputed by the parties and the conflicting evidence presented an issue of fact for the jury.

Defendant argues that the court erred in granting summary judgment for plaintiff because under *Shearin v. Indemnity Co.*, 27 N.C. App. 88, 218 S.E. 2d 207 (1975), summary judgment may not be granted for the party with the burden of proof when his right to recover depends on the credibility of his witnesses.

The case at bar is distinguishable from *Shearin*, because in *Shearin* the defendant against whom summary judgment was granted had expressly denied the material allegations in the complaint. In this case, defendant has not unambiguously denied the allegations of plaintiff's complaint, and has made admissions which are sufficient to establish his liability.

Finally, defendant contends that the court should not have granted plaintiff's motion for summary judgment because the motion did not state the number of the rule under which it was made. Defendant did not raise this issue when the motion was argued and therefore waived any objection to the form of the motion. This assignment of error is overruled.

The judgment as to the defendant's first claim against Travelers, based on contract, is affirmed.

The judgment as to defendant's second claim against Travelers, based on fraud, is reversed.

The judgment on plaintiff's claim against the defendant is affirmed.

Affirmed in part and reversed in part.

Chief Judge BROCK and Judge VAUGHN concur.