DEBRA J. BATTLE v. NASH TECHNICAL COLLEGE

No. 907SC655

(Filed 4 June 1991)

1. **Master and Servant § 10.2 (NCI3d)— wrongful discharge— summary judgment for defendant—proper**

The trial court did not err by granting summary judgment for defendant on a wrongful discharge claim where plaintiff was discharged from her employment with defendant as a Counselor Instructor for failure to repay student loans to ECU. N.C.G.S. § 143-553 provides that State Employees who owe money to the State must make full restitution as a condition of continuing employment; a prior opinion in this case held that the essential issues of fact litigated and determined in the administrative decision are conclusive between the parties; and the issues between the parties were litigated and determined by defendant's Board of Trustees or were not properly before the Court of Appeals.

**Am Jur 2d, Master and Servant §§ 54, 55.**

2. **Appeal and Error § 382 (NCI4th)— wrongful discharge— settlement of record by court—no abuse of discretion**

The trial court did not abuse its discretion in a wrongful discharge action by not allowing plaintiff's motion to include her response to defendant's summary judgment motion and attachments thereto in the record on appeal and the transcript of the hearing. Plaintiff did not attempt to present opposing affidavits until the day of the hearing; Rule 56 specifically provides that the moving parties be required to submit supporting affidavits which would set forth the moving party's basis for the motion and that opposing affidavits should be filed prior to the day of the hearing. Moreover, the court did not abuse its discretion in excluding the transcript from the record on appeal; the case on this record does not necessitate a copy of the transcript of the hearing.

**Am Jur 2d, Appeal and Error §§ 427, 444.**

Judge GREENE concurring.

APPEAL by plaintiff from judgment entered 25 January 1990 by *Judge Napoleon B. Barefoot* in NASH County Superior Court and appeal by defendant from order entered 18 April 1990 by *Judge Napoleon B. Barefoot* in NASH County Superior Court and order entered 30 May 1990 by *Judge Frank R. Brown* in NASH County Superior Court. Heard in the Court of Appeals 23 January 1991.

This is the second appeal in a civil action for wrongful discharge from employment. Plaintiff seeks reinstatement and damages incurred as a result of the termination of her employment. On 23 January 1986 plaintiff entered into a written contract with defendant to work as a Counselor/Instructor until 30 June 1986. The contract provided that plaintiff would receive $1,637.00 per month as compensation. From approximately 1979 until the current contract plaintiff had been periodically employed by defendant under contracts ranging in duration from six months to a year.

During the time that plaintiff was employed by defendant, plaintiff had been in default on a loan evidenced by a promissory note payable to East Carolina University (ECU). The loan was part of the National Direct Student Loan Program. While a student at ECU plaintiff also borrowed money from the Sarah E. Clement Emergency Loan Program. Eventually, ECU secured a civil money

judgment against plaintiff for the unpaid loan balances. On 2 July 1984, ECU wrote plaintiff's employer, defendant Nash Technical College (Nash), and informed them that plaintiff had failed to repay the loan and as an employee of Nash was violating G.S. Chapter 143, Article 60. At that time, plaintiff was in default in the amount of $4,233.39 on the National Direct Student Loan and $263.89 on the Sarah E. Clement Emergency Loan. Nash's president, Dr. J. Reid Parrot, Jr., then wrote plaintiff and advised her about the ECU correspondence and informed her that G.S. Chapter 143, Article 60 "provides that employees of the State who owe money to the State must make full restitution of the amount as a condition for continued State employment." Before 27 May 1986, plaintiff made one voluntary payment of $20.00 on 1 February 1983. Plaintiff's state income tax refunds were seized in 1983, 1984 and 1985 to be applied against her indebtedness.

Again, on 24 March 1986, ECU contacted Nash's Vice President, Dr. Charles A. Bucher. ECU demanded that plaintiff's employment be terminated for her failure to repay the indebtedness. Dr. Bucher wrote ECU for verification of the loan and ECU informed him that as of 1 May 1986 plaintiff was delinquent in the amount of $3,685.89. Dr. Parrot then wrote plaintiff and directed her to meet with Nash's officials to discuss the matter. On 15 May 1986, plaintiff met with the officials and indicated that there were some problems with ECU's records and that she would look into the matter. Thereafter, Dr. Parrot wrote plaintiff and informed her that her employment was terminated effective 31 May 1986. Plaintiff appealed that decision to Nash's Board of Trustees (Board).

At the conclusion of the Board's hearing, the Board determined that plaintiff had not repaid her debt within a reasonable period of time after receiving written notice of her responsibility to do so. The Board also determined that "[t]here was no genuine dispute as to whether the money was owed by Ms. Battle to ECU, or how much was owed, and there was no unresolved issue concerning insurance coverage." As a result the Board concluded that "Deborah J. Battle did not repay the amount owed ECU within a reasonable time after notice to her of her right to do so. There was no genuine dispute as to whether or not said money was owed and there was no unresolved issue concerning insurance coverage[;] [t]here was no extraordinary reason that made Deborah J. Battle incapable of repaying her debts to ECU[; and] Deborah J. Battle did not

BATTLE v. NASH TECH. COLLEGE

[103 N.C. App. 120 (1991)]

attempt repayment of the debts to ECU in good faith." The Board determined that plaintiff's termination was appropriate.

On 8 May 1987, plaintiff initiated this action seeking compensation for lost income and other expenses incurred as a result of her discharge, punitive damages, reinstatement, costs and attorneys' fees. Defendant answered denying any liability. Subsequently, defendant filed a motion for summary judgment. Plaintiff filed no counter-affidavits or other forecast of evidence. The trial court granted defendant's motion and dismissed the action with prejudice. Plaintiff appealed. Thereafter defendant moved to dismiss plaintiff's appeal for plaintiff's failure to comply with Rule 11(b) of the N.C. Rules of Appellate Procedure by failing to serve the proposed record on appeal on defendant's counsel in a timely manner. The trial court denied this motion. Defendant appealed the denial of that motion. Subsequently, defendant moved to dismiss the appeal for plaintiff's failure to comply with Rules of Appellate Procedure 9(a)(1)(e) and 9(b)(2). The trial court denied this motion. Defendant appealed.

*Leland Q. Towns for plaintiff-appellant.*

*Valentine, Adams, Lamar, Etheridge & Sykes, by L. Wardlaw Lamar, for defendant-appellee.*

EAGLES, Judge.

I. PLAINTIFF'S APPEAL

[1] Plaintiff first assigns as error the trial court's granting of defendant's motion for summary judgment since there were still material issues to be tried. In her brief plaintiff contends that the following matters were in dispute: "1. It is disputed whether money owed to East Carolina University is money owed to the State pursuant to the statute; 2. It is disputed whether the plaintiff falls within the exception of the statute that a genuine dispute as to the money owed and whether she was pursuing her administrative remedies; 3. It is disputed whether amounts garnished from her income tax refund constitutes repayment under the statute; 4. It is disputed whether the reasonable time period as contemplated by the statute ran from May 15, 1986 until the date of her dismissal; 5. It is disputed whether Nash Technical College violated the provisions of its policies and procedures regarding due process and affording plaintiff a hearing prior to her termination." Plaintiff

contends that none of these issues were litigated by the Board and that "[t]he granting of the defendant's motion for summary judgment was simply inappropriate given the nature of issues raised in all the pleadings, the documents, the numerous hearings and the total circumstances." We disagree and affirm.

At the outset, we note that in our prior opinion, *Battle v. Nash Technical College*, (unpublished opinion), (94 N.C. App. 601, 381 S.E.2d 353, 887SC1171, 5 July 1989), *disc. rev. denied*, 325 N.C. 431, 384 S.E.2d 536 (1989), citing *Maines v. City of Greensboro*, 300 N.C. 126, 133, 265 S.E.2d 155, 160 (1980), the *Battle* court stated that "those essential issues of fact which were litigated and determined in the administrative decision are conclusive between the parties in this action." "Once an appellate court has ruled on a question, that decision becomes the law of the case and governs the question not only on remand at trial, but on a subsequent appeal of the same case." *North Carolina National Bank v. Virginia Carolina Builders*, 307 N.C. 563, 566, 299 S.E.2d 629, 631 (1983).

G.S. 143-553 in pertinent part provides the following:

(a) All persons employed by an employing entity as defined by this Part who owe money to the State and whose salaries are paid in whole or in part by State funds must make full restitution of the amount owed as a condition of continuing employment.

(b) Whenever a representative of any employing entity as defined by this Part has knowledge that an employee owes money to the State and is delinquent in satisfying this obligation, the representative shall notify the employing entity. Upon receipt of notification an employing entity shall terminate the employee's employment if after written notice of his right to do so he does not repay the money within a reasonable period of time; provided, however, that where there is a genuine dispute as to whether the money is owed or how much is owed, or there is an unresolved issue concerning insurance coverage, the employee shall not be dismissed as long as he is pursuing administrative or judicial remedies to have the dispute or the issue resolved.

After careful review of the Board's resolution, which was attached to Dr. Parrot's affidavit in support of defendant's motion

for summary judgment, we hold that the following issues were litigated and determined by the Board and as a result are conclusive between the parties. First, with respect to whether the money owed to ECU was money owed to the State, the Board in its resolution stated that "[t]he funds borrowed by Ms. Battle pursuant to the National Direct Student Loan Program and the Sarah E. Clement Emergency Loan Fund at ECU constituted State funds." Second, with respect to whether plaintiff fell within the exception of the statute concerning a genuine dispute as to the money owed, the Board concluded that "[t]here was no genuine dispute as to whether or not said money was owed and there was no unresolved issue concerning insurance coverage." Third, with respect to whether a reasonable time period ran from 15 May 1986, which was the date that plaintiff met with Nash's officials, until plaintiff's dismissal, the Board concluded that "Deborah J. Battle did not repay the amount owed ECU within a reasonable time after notice to her of her right to do so."

While the Board's resolution did not address the following issues mentioned by plaintiff, we hold that they are not properly before this Court. With respect to whether Nash violated the provisions of its policies and procedures regarding termination, we find no record evidence of Nash's "policies and procedures" regarding termination. We note that defendant admitted in his answer that it "had a personnel policy providing for grounds for dismissal, and notice and hearing requirements for the non-tendering of new contracts" but denied plaintiff's allegation that the procedure was not observed. While plaintiff has attached a copy of this information to her brief, it is not part of the record on appeal. There is record evidence that plaintiff was given the opportunity for repayment and that a reasonable amount of time had passed between notice of default and plaintiff's termination. Secondly, with respect to whether amounts garnished from her income tax refund constitute repayment under the statute, the Board in its resolution found that plaintiff made only one voluntary payment of $20.00 on 1 February 1983 and that the following sums were *seized* from plaintiff's State income tax refund: $368.58 (14 October 1983); $364.58 (7 December 1984); and $723.56 (3 September 1985). Without expressly deciding whether the garnishment of an income tax refund constitutes repayment under the statute, here there is no evidence that plaintiff attempted voluntary repayment of her indebtedness. ECU contacted Nash on 24 March 1986 and informed Mr. Bucher

that "Ms. Battle is making no effort on her own to make repayment." Subsequently, Ms. Battle met with officials of Nash and informed them that there was a "mix-up" or "error" in ECU's records and that Nash "would be receiving correspondence within one week straightening out the matter." Even if seizure of tax refunds would be sufficient to constitute a partial repayment under the statute, here even after receiving the 1985 tax refund, ECU determined that plaintiff was still delinquent in satisfying her obligation and as a result wrote Nash's vice-president again in March of 1986. Though she paid the ECU debt on 26 May 1986, shortly *after* she was terminated by Nash on 20 May 1986, in light of her payment history after the July 1984 discussion, it is clear that plaintiff did not attempt to repay her indebtedness within a reasonable amount of time after receiving notice of the March 1986 correspondence. Accordingly, this assignment of error is overruled.

[2]   Plaintiff next assigns as error the trial court's failure "to allow plaintiff to include her response to defendant's summary judgment and attachments thereto in the record on appeal and the transcript of the hearing since plaintiff should have been allowed to file these items and they should have been considered by the trial court." Plaintiff argues that the trial court abused its discretion in excluding these matters from the record. Plaintiff argues that she was "not required to respond to the defendant until such time as the defendant had carried out [its] burden" of proving that summary judgment should be granted in its favor. Plaintiff further argues that the inclusion of the transcript in the record on appeal was "necessary for the reviewing court to make a fair and accurate assessment of the case and the proceedings below."

"It appears to be well established in this State that the action of the judge in settling the case on appeal, when the parties cannot agree, is final and will not be reviewed on appeal." *Millsaps v. Wilkes Contracting Co.*, 14 N.C. App. 321, 327, 188 S.E.2d 663, 666-67, *cert. denied*, 281 N.C. 623, 190 S.E.2d 466 (1972). G.S. 1A-1, Rule 56 provides that "[t]he adverse party prior to the day of hearing may serve opposing affidavits."

G.S. 1A-1, Rule 56 does not contain a specific provision with respect to when affidavits in support of a motion for summary judgment must be filed and served. Nevertheless, it seems implicit in Rule 56(c) that such affidavits must be filed and

served prior to the day of the hearing. Rule 56(c) provides: "The adverse party prior to the day of the hearing may serve opposing affidavits." It is clear that opposing affidavits are to be served prior to the day of the hearing. It follows that the clear intent of the legislature is that supporting affidavits should be filed and served sufficiently in advance of the hearing to permit opposing affidavits to be filed prior to the day of the hearing.

*Nationwide Mut. Ins. Co. v. Chantos*, 21 N.C. App. 129, 130, 203 S.E.2d 421, 423 (1974). "Undoubtedly, Rule 56(e) grants to the trial court wide discretion to permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. However, this provision presupposes that an affidavit or affidavits have already been served. The rule speaks only of supplementing or opposing." *Id.* at 131, 203 S.E.2d at 424.

Here plaintiff did not attempt to present opposing affidavits until the day of the hearing. In her brief plaintiff argues that she was not required to respond to defendant's motion for summary judgment until defendant had carried out his burden and the basis for his motion became clear. We find this argument meritless especially in view of the fact that Rule 56 specifically provides that the moving party is required to submit supporting affidavits which would set forth the moving party's basis for the motion and that opposing affidavits should be filed prior to the day of the hearing. On this record we hold that the trial court did not abuse its discretion in failing to allow plaintiff's response or include the response in the record on appeal. Likewise, the trial court did not abuse its discretion in excluding the transcript from the record on appeal. Our assessment of the case on this record does not necessitate a copy of the transcript of the hearing. Accordingly, this assignment of error is overruled.

## II. DEFENDANT'S APPEAL

Defendant assigns as error the trial court's denial of its motion to dismiss plaintiff's appeal for failure of the plaintiff to serve the proposed record on appeal within the time allowed by Rule 11(b) and assigns as error the trial court's failure to dismiss plaintiff's appeal for plaintiff's inclusion of paperwritings in the proposed record on appeal which were not before the court at the time of the entry of summary judgment and plaintiff's failure to include the complete order of the Board in the proposed record.

While we have considered defendant's assignments of error, we find it unnecessary to address defendant's appeal since we have affirmed the trial court's grant of summary judgment in defendant's favor in plaintiff's appeal.

The decision of the trial court is affirmed.

Affirmed

Judge GREENE concurs with separate opinion.

Judge PHILLIPS concurs in the result only.

Judge GREENE concurring.

I write separately to emphasize that the pre-hearing filing requirement applicable to affidavits in support of and in opposition to a summary judgment motion does not apply to other evidence the parties may wish to present at the summary judgment hearing.

In addition to affidavits, other appropriate evidence at a summary judgment hearing includes the pleadings, depositions, stipulations, answers to interrogatories, admissions on file, and oral testimony. N.C.G.S. § 1A-1, Rule 56(c) (1990) (authorizing consideration of "the pleadings, depositions, answers to interrogatories, and admissions on file"); N.C.G.S. § 1A-1, Rule 43(e) (1990) ("[w]hen a motion is based on facts not appearing of record the court . . . may direct that the matter be heard wholly or partly on oral testimony . . ."); 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2723 (2d ed. 1983) (Rule 43(e) applies to summary judgment motions). With the exception of affidavits, the other evidence appropriately considered by a trial court at a summary judgment hearing need not be presented "prior to the day of [the] hearing . . . ."

Furthermore, despite the specific language of Rule 56(c) requiring affidavits to be filed "prior to the day of [the] hearing," the trial court may in some instances permit the filing of the affidavits at a later time. If a request for permission to file affidavits at some later time is made before the date of the summary judgment hearing, the trial court may in its discretion order the period for filing affidavits to be enlarged. N.C.G.S. § 1A-1, Rule 6(b) (1990). If a request for permission to file affidavits is made on the day of the summary judgment hearing, the trial court "may permit

the act to be done where the failure to act was the result of excusable neglect." *Id.*

Here, there was no request for enlargement of time within which to file and serve any affidavits made by the plaintiff prior to the day of the hearing of the motion on summary judgment. Furthermore, there was no finding or a request by the plaintiff for a finding of excusable neglect in failing to serve the affidavits prior to the date of the summary judgment hearing. Therefore, because the plaintiff failed to proceed in a manner that would permit the trial court to exercise its discretion to permit the filing of plaintiff's proffered affidavit, the plaintiff cannot complain about its exclusion.