THE PLANTERS NATIONAL BANK & TRUST COMPANY v. DALE RUSH AND WIFE, MARY SUE RUSH

No. 7319SC117

(Filed 14 March 1973)

Rules of Civil Procedure § 56— motion for summary judgment — failure to serve in apt time

The trial court erred in allowing plaintiff's motion for summary judgment where plaintiff failed to serve his motion at least 10 days *before* the time fixed for the hearing as required by Rule 56(c), and failed to give defendant the extra three days notice required by Rule 6(e) when service is by mail.

---

---

APPEAL from *McConnell, Judge,* at the 2 October 1972 Session of Superior Court held in RANDOLPH County.

Plaintiff instituted this action on 4 September 1970 to recover a judgment of $32,181.28, plus interest and costs, from defendants on three notes alleged to be due. Ancillary to this action, plaintiff instituted claim and delivery proceedings against certain personal property of defendants, *i.e.,* pigs, hogs, sows and other livestock described in a security agreement executed contemporaneously with the first note alleged to be due. Defendants posted sufficient bond for the retention and possession of this personal property. Subsequent to posting this bond, defendants filed a counterclaim against plaintiff alleging, in part, that plaintiff "continues to harass . . . and to attempt to thwart" the sale of certain of defendants' livestock.

On 21 September 1972, plaintiff filed a motion for summary judgment for the relief prayed for in the complaint. The motion was accompanied by supporting affidavits. Notice of the motion for summary judgment was served on defendants' counsel by depositing same in the mail on 21 September 1972, setting 2 October 1972 as the time for a hearing on said motion.

Judgment was entered on 10 October 1972 granting plaintiff's motion for summary judgment and ordering that plaintiff recover the sum of $33,296.84 and the costs of the action. The judgment also dismissed defendants' counterclaim. Defendants appealed from this judgment.

*Coltrane and Gavin, by T. Worth Coltrane, for plaintiff.*

*Ottway Burton for defendants.*

BROCK, Judge.

Defendants assign as error plaintiff's failure to comply with Rule 56(c) of the North Carolina Rules of Civil Procedure which provides in part: "The motion *shall* be served at least 10 days *before* the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits." (Emphasis added.)

Rule 6(a) of the Rules of Civil Procedure provides:

> "In computing any period of time prescribed or allowed by these rules . . . the day of the act, event, default or publication after which the designated period of time be-

gins to run is not to be included. The last day of the period so computed is to be included, *unless* it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or a legal holiday." (Emphasis added.)

In the present case, notice of plaintiff's motion for summary judgment was mailed to defendants' counsel on 21 September 1972, and the hearing on that motion was set for 2 October 1972. According to Rule 6(a), the 10 day time period required by Rule 56(c) would start to run on 22 September 1972 and end on 2 October 1972, since 1 October 1972 was a Sunday. Plaintiff failed to serve his motion at least 10 days *before* the time fixed for the hearing as required by Rule 56(c). *See Ketner v. Rouzer,* 11 N.C. App. 483, 182 S.E. 2d 21. The allowance of the motion for summary judgment was, therefore, error.

If the notice had been personally served, plaintiff would have failed, by one day, to give 10 days notice *before* the hearing; however, plaintiff also failed to comply with G.S. 1A-1, Rule 6(e) because in this case notice was given by mail. Rule 6(e) provides:

"Whenever a party has the right to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him *by mail, three days shall be added to the prescribed period.*" (Emphasis added.)

Defendants had the right to file opposing affidavits up through the day before the date fixed for hearing the summary judgment motion. Rule 6(e), in effect, extends the minimum 10 day notice period to 13 days when the notice is by mail. *See* 6 J. Moore, Federal Practice, par. 56.14[1] (2d ed. 1948), p. 2255. This rule serves to alleviate the disparity between constructive and actual notice when the mailing of notice begins a designated period of time for the performance of some right. Because of plaintiff's failure to give defendant the extra three days notice as required by Rule 6(e) when service of notice is by mail, the allowance of the motion for summary judgment was error.

Defendants also assign as error the inclusion of their counterclaim in the summary judgment. Even if plaintiff had complied with notice requirements, that portion of the judgment granting summary judgment on defendants' counterclaim was

error. Plaintiff did not move for summary judgment on defendants' counterclaim.

For failure of plaintiff to give the required notice of the hearing on the motion for summary judgment, the entry of summary judgment for plaintiff was error.

Reversed.

Judges CAMPBELL and GRAHAM concur.