CLAVEN C. WILLIAMS AND WIFE, BETTY LOU T. WILLIAMS, KENNETH R. TAYLOR AND WIFE, MILDRED F. TAYLOR, LUTHER E. TAYLOR, JR. AND WIFE, HARRIETT T. TAYLOR, FRANK DONNELL TAYLOR AND WIFE, ANNE S. TAYLOR v. EDWARD F. MOORE

No. 894SC53

(Filed 19 September 1989)

1. **Rules of Civil Procedure §§ 12, 55— time to answer complaint— when time begins to run—motions for entry of default and default judgment timely**

The thirty days defendant has under N.C.G.S. § 1A-1, Rule 12 to answer the complaint begin running when defendant

WILLIAMS v. MOORE

[95 N.C. App. 601 (1989)]

is served with the summons and complaint, not when plaintiff mails it, and there is thus no need to apply Rule 6(e) to extend the time to answer by three days; therefore, plaintiffs' motions for entry of default and default judgment filed thirty-one days after service of the summons and complaint on defendant were made after defendant's time to answer had expired, as required by Rule 55.

2. **Rules of Civil Procedure § 55— claim not for sum certain— entry of default judgment by clerk improper**

Plaintiffs' claim was not for a sum certain or a sum which could by computation be made certain and entry of default judgment by the clerk was therefore improper where plaintiffs' claimed damages were mitigated by a sum dependent on plaintiffs' estimate of the "fair rental value" of some unspecified amount of land, and plaintiffs alleged that they were entitled to $19,762.50 for expenses incurred during each of two years for land clearing, but there was no clear showing as to how plaintiffs arrived at this figure. N.C.G.S. § 1A-1, Rule 55(b)(1).

APPEAL by defendant, Edward F. Moore, from *Reid, Jr., Judge.* Judgment entered 19 October 1988 in Superior Court, DUPLIN County. Heard in the Court of Appeals 31 August 1989.

On 19 March 1983, plaintiffs and defendant entered into a five-year lease of 364 acres of cleared farm land and 160 acres of woods land in Duplin County. Under the lease, the rent owed was based on the total amount of cleared land at the start of each year, at a rate of $288 per cleared acre. In the lease, plaintiffs agreed to secure a loan to clear the 160 acres of woods land, while defendant agreed to pay plaintiffs' expenses in securing the loan and to make payments on the loan.

In the complaint, filed 22 January 1988, plaintiffs alleged breach of the lease by defendant and sought rental payments for 1986 and 1987, and a sum due under the land clearing agreement. Plaintiffs also alleged that they had re-leased the farm for $50 per acre and alleged $23,996 based on this rental as mitigation of their damages.

On 26 January 1988, defendant was served by certified mail with the summons and complaint. Defendant did not open the correspondence and did not file an answer.

**WILLIAMS v. MOORE**

[95 N.C. App. 601 (1989)]

On 26 February 1988, thirty-one days after service of the summons and complaint on defendant, plaintiffs filed motions for entry of default and for default judgment by the clerk. Plaintiffs supported their motions with affidavits of plaintiffs' attorney. The affidavits set out the total amount of damages plaintiffs sought and referred to the unverified complaint to substantiate that sum.

On 26 February 1988, the assistant clerk of Duplin County Superior Court granted plaintiffs' motions for entry of default and default judgment in the amount of $306,046.92. On 8 September 1988, defendant filed a motion to set aside the entry of default judgment in Duplin County Superior Court. On 19 October 1988, defendant's motion was denied. From denial of his motion, defendant appeals.

*Thompson & Ludlum, by E. C. Thompson, III, for plaintiff appellees.*

*Ward & Smith, by Douglas K. Barth, for defendant appellant.*

ARNOLD, Judge.

Defendant contends the trial court erred in denying his motion to set aside the entry of default and default judgment. A motion to set aside entry of default and default judgment is addressed to the sound discretion of the trial court. *Acceptance Corp. v. Samuels*, 11 N.C. App. 504, 510, 181 S.E.2d 794, 798 (1971). The trial court's order ruling on such a motion will not be disturbed absent a showing of abuse of discretion.

[1] The defendant first argues the entry of default and default judgment are void because they were entered before the time to answer plaintiffs' complaint had expired. The relevant portion of Rule 12 of the N.C. Rules of Civil Procedure provides:

(a)(1) A defendant shall serve his answer within 30 days after service of the summons and complaint upon him.

Rule 6 of the N.C. Rules of Civil Procedure, in pertinent part, provides:

(e) *Additional time after service by mail.* — Whenever a party has the right to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period.

Defendant argues that since the summons and complaint were served upon him by mail, Rule 6(e) applies to extend his time to answer to thirty-three days.

Although no North Carolina case addresses this precise question, the rationale of Rule 6(e) of the N.C. Rules of Civil Procedure will not support extending defendant's time to answer to thirty-three days. Rule 6(e) was designed to "alleviate the disparity between constructive and actual notice when the mailing of notice begins a designated period of time for the performance of some right." *Trust Co. v. Rush*, 17 N.C. App. 564, 566, 195 S.E.2d 96, 97 (1973). *See also* W. Shuford, *N.C. Civil Practice and Procedure* § 6-8 (3d ed. 1988) (stating rationale for Rule 6(e) consistently with *Trust Co.*). *But see* Sturges, Judgments—A Practitioner's Guide to Entry of Default, Default Judgments, and Motions to Set Aside in North Carolina, 18 Wake Forest L. Rev. 683, 687 (1982).

The thirty days defendant has under Rule 12 to answer the complaint begin running when defendant is served with the summons and complaint, not when plaintiff mails it. N.C.R. Civ. P. 4(j2)(2). Under these circumstances, there is no need to apply Rule 6(e) to extend the time to answer by three days. Plaintiffs' motions for entry of default and default judgment were made, therefore, after defendant's time to answer had expired, as required by Rule 55 of the N.C. Rules of Civil Procedure.

Defendant next argues that plaintiffs' affidavit, standing alone, must meet the requirements of Rule 55 for entry of default judgment by the clerk and that the affidavit cannot be supplemented by allegations in plaintiffs' unverified complaint. Plaintiffs' affidavit refers to the complaint and the complaint contains the lease as Exhibit A. While the basis for plaintiffs' motion would have been clearer if all material had been in either an affidavit or a verified complaint, we see nothing improper in plaintiffs referring in their affidavit to material already set out in or attached to their complaint.

[2]   Next, defendant contends plaintiffs' affidavit in support of their motion does not substantiate that plaintiffs' claim is for a "sum certain or for a sum which can by computation be made certain," as required by Rule 55(b)(1). Given our response to defendant's preceding argument, we will consider both the affidavit and the complaint in determining whether plaintiffs' claim is for a "sum certain . . . ."

WILLIAMS v. MOORE

[95 N.C. App. 601 (1989)]

The portion of Rule 55 governing entry of default judgment by the clerk provides:

> (b)(1) By the Clerk.—When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if he has been defaulted for failure to appear and if he is not an infant or incompetent person. A verified pleading may be used in lieu of an affidavit when the pleading contains information sufficient to determine or compute the sum certain.

North Carolina courts have found the requirement that plaintiffs' claim be for "a sum certain or for a sum which can by computation be made certain" met by: an agreement to move plaintiffs' house for a specified sum of money. *Smith v. Barfield*, 77 N.C. App. 217, 218, 334 S.E.2d 487, 488 (1985); an action to recover for personal services rendered for a sum fixed in an express contract. *McGuire v. Sammonds*, 247 N.C. 396, 100 S.E.2d 829 (1957).

Plaintiffs' claim is not for "a sum certain or a sum which can by computation be made certain." First, in an effort to mitigate damages caused by defendant's alleged breach of the lease, plaintiffs re-leased the farm, although it is unclear how much acreage was re-leased, for $50 per acre. Although neither plaintiffs' affidavit nor complaint explicitly set out the calculations necessary to compute $306,046.92 in damages, plaintiffs presumably subtracted $23,996 in mitigation of damages to arrive at this figure. Plaintiffs' claim is not for a "sum certain . . ." when their damages are mitigated by a sum dependent on plaintiffs' estimate of the "fair rental value" of some unspecified amount of land.

In addition, there is uncertainty about other elements of plaintiffs' damages. In paragraph 9 of the lease, entitled *Clearing the Land*, plaintiffs agreed to secure a loan to clear 160 acres of woods land so defendant could farm that additional land. Defendant agreed to "pay all expenses incurred by the Lessors in securing said loan, including the attorney's fees, origination fee at The Federal Land Bank Association, and the stock at The Federal Land Bank Association when due." Defendant also agreed "to pay all payments on the loan on or before the due date . . . ." In the complaint, plaintiffs allege expenses of $19,762.50 for each of the years 1986 and 1987 for land clearing. Given the uncertainty of how plaintiff arrived

at this figure, it is not a "sum certain . . ." subject to entry of default judgment by the clerk.

In his last argument, defendant contends the default judgment is void because plaintiffs' affidavit supporting their motion was made by plaintiffs' counsel, who lacked personal knowledge of the material allegations of the affidavit, rather than plaintiffs themselves. Since the clerk lacked authority to grant a default judgment on a claim that was not a sum certain, it is unnecessary for us to examine the sufficiency of plaintiffs' motion and affidavit before the clerk.

Entry of default by the clerk is affirmed. Grant of default judgment by the clerk is set aside, and the cause remanded to Duplin County Superior Court for a hearing, in accordance with Rule 55(b)(2) of the N.C. Rules of Civil Procedure, to determine the amount of plaintiffs' damages.

Affirmed in part, vacated and remanded in part.

Judges BECTON and COZORT concur.