SYMONS CORPORATION, PLAINTIFF-APPELLEE v. QUALITY CONCRETE CON-
STRUCTION, INC., MARK S. BISSELL, RICHARD BURKE, AND FRANK
W. ROGERS, DEFENDANTS-APPELLANTS

No. 911SC976

(Filed 3 November 1992)

1. **Rules of Civil Procedure § 56.1 (NCI3d) — summary judgment
   for plaintiff — failure to give timely notice — defendants not
   prejudiced**

   There was no merit to defendants' contention that the
   trial court erred in granting summary judgment for plaintiff
   because plaintiff failed to give timely notice of its summary
   judgment motion, since defense counsel stated at the summary
   judgment hearing that he was prepared for trial and thus
   defendants were not prejudiced by the untimely notice.

   **Am Jur 2d, Summary Judgment § 14.**

2. **Rules of Civil Procedure § 56 (NCI3d); Courts § 84 (NCI4th) —
   summary judgment on damages issue — no contravention of
   prior order reserving damages issue for trial**

   The trial judge's entry of summary judgment for plaintiff
   on the issue of damages was not in contravention to or in
   any way a modification of a previous order by another superior
   court judge which granted plaintiff summary judgment on the
   issue of liability and preserved the issue of damages for later
   determination, since the prior summary judgment order was
   based on a stipulation and motion which specifically limited
   the court's consideration to the issue of liability; the issue
   of damages was never before the trial judge; and the language
   in the first judge's order that the action should be tried on
   the issue of damages only was mere surplusage.

   **Am Jur 2d, Summary Judgment §§ 41, 44.**

**3. Guaranty § 21 (NCI4th)— amount of indebtedness—no issue of fact—summary judgment proper**

In an action to recover on a guaranty, the trial court did not err in granting plaintiff's motion for summary judgment where the evidence clearly supported plaintiff's allegation in its complaint as to the amount of defendants' indebtedness.

**Am Jur 2d, Guaranty § 123; Summary Judgment § 26.**

APPEAL by defendants from *Grant (Cy A.), Judge*. Judgment entered 23 April 1991 in Superior Court, DARE County. Heard in the Court of Appeals 14 October 1992.

This is a civil action wherein plaintiff seeks to recover a sum of money totalling $61,795.14 allegedly owed plaintiff by defendants pursuant to two lease and/or purchase agreements between plaintiff and defendant Quality Concrete Construction for the lease and/or purchase of certain concrete form equipment which transactions were induced by a "Guaranty" agreement executed by defendants Bissell, Burke and Rogers. The record indicates the following:

On 4 January 1988 and 21 March 1988, defendants Frank Rogers and Richard Burke entered into two lease and/or purchase agreements on behalf of Quality Concrete for the lease and/or purchase of certain equipment from plaintiff. On 9 March 1988, defendants Burke, Bissell and Rogers signed a "Guaranty" agreement promising to pay all sums then owed and which thereafter became owed by defendant Quality Concrete to plaintiff. The "Guaranty" agreement contained the following clause:

> This guaranty shall be considered as a general and continuing guaranty and shall not be revoked by the death of the Guarantor, but shall remain in full force and effect until the receipt from the Guarantor . . . or other legal representative of a 30 day prior written notice sent by registered mail . . . terminating the same, but no such notice of termination shall release the Guarantor from liability for any goods, merchandise or equipment sold and/or rented to Purchaser, or for any other indebtedness legally created by the Purchaser in favor of Symons prior to the effective termination date of such notice.

Defendant Quality Concrete failed to pay plaintiff the amount due on its account, and on 25 May 1989, plaintiff instituted this

action to recover the outstanding indebtedness and attorney's fees from Quality Concrete pursuant to the lease and/or purchase agreements and from Bissell, Burke and Rogers individually pursuant to the "Guaranty" agreement. On 7 August 1989, defendants Bissell and Rogers filed an answer to plaintiff's complaint alleging, among other things:

> 11. That by letter dated November 28, 1988, sent Certified Mail, Return Receipt Requested, the answering Defendants by and through their attorney, Joe G. Adams, gave written notice of termination of all guarantees made themselves to Symons Corporation on the principal account of Quality Concrete Construction, Inc.

> 12. That said written notice was received by Symons Corporation on or about the 6th day of December, 1988.

> 13. That the answering Defendants are not responsible for any sums which became due and owing to Symons Corporation by the Defendant, Quality Concrete Construction, Inc., on or after thirty (30) days from the mailing of said notice or its receipt.

On 26 September 1990, plaintiff and defendants Bissell and Rogers entered into and filed with the court the following "Stipulation:"

> 1. There is no genuine issue of fact as to the liability of the two named defendants to the plaintiff and that a partial summary judgment solely on the issue of liability may be entered against said defendants;

> . . .

> 3. The sole issue remaining to be determined is the amount of damages, if any, due the plaintiff by the defendants Mark S. Bissell and Frank W. Rogers.

Pursuant to the parties' "Stipulation," plaintiff filed a "Motion For Partial Summary Judgment" on 16 October 1990, pertaining to the issue of liability. On 13 November 1990, Judge Thomas S. Watts entered an order granting summary judgment in favor of plaintiff against defendants Bissell and Rogers on the issue of liability. Judge Watts' order further stated "that this action shall be tried on the issue of damages only."

In preparation for trial, a final pre-trial conference was held on 22 January 1991, and a final pre-trial order was entered between the parties on that same date. Then, on 4 April 1991, plaintiff filed a motion for summary judgment as to the issue of damages. On 15 April 1991, Judge Cy A. Grant held a hearing on plaintiff's motion and determined that there was no genuine issue as to any material fact. On 23 April 1991, Judge Grant entered a judgment awarding plaintiff $61,795.14 as a matter of law and ordered defendants Bissell and Rogers to pay plaintiff's attorney's fees in the amount of $7,330.00. Defendants Bissell and Rogers appealed.

*Charles D. Coppage for plaintiff, appellee. Brief signed by Herbert L. Thomas, who was later allowed to withdraw as counsel of record.*

*Aldridge, Seawell & Khoury, by Joe G. Adams, for defendants, appellants.*

HEDRICK, Chief Judge.

[1] On appeal, defendants Bissell and Rogers first contend that "[t]he trial court committed reversible error in granting summary judgment in favor of plaintiff . . . because plaintiff failed to give timely notice to appellants of said motion pursuant to . . . Rules 6(e) and 56(c)." We disagree.

As defendants correctly note, Rule 56(c) requires that "[t]he motion [for summary judgment] shall be served at least 10 days before the time fixed for the hearing." N.C.R. Civ. P. 56(c). Rule 6(e) allows a party an additional three days "to do some act or take some proceedings" when notice is served by mail. N.C.R. Civ. P. 6(e).

In the present case, plaintiff's motion for summary judgment and notice of hearing were filed and served on defendants by mail on 4 April 1991. The hearing on plaintiff's motion was held on 15 April 1991. In its brief, plaintiff concedes that "the Notice of the Summary Judgment Hearing was served by mail only nine days prior to the hearing instead of thirteen days as required." Plaintiff argues, however, and we agree, that defendants have failed to demonstrate any prejudice caused them by the untimely notice. At the summary judgment hearing held on 15 April 1991, counsel for defendants stated the following:

MR. ADAMS: Before we get into issues of this case, your Honor, I have a few things that I would like the court to deal with.

(1) is whether or not the time here before the court the summary judgment motion was served by mail on the 4th. It is my understanding of the law that you have ten days plus three when it is mailed which would put us here on the 17th. I would be frank with you, your Honor, I thought we were going to trial. We had a pretrial order and everything else, so *I am really prepared to be here and so I am not going to really push that objection.* (Emphasis added).

From this statement, it was apparent to the trial judge, as it is to us, that defendants were not unduly prejudiced by the untimely notice. This contention is frivolous.

[2]   As their second assignment of error brought forward and argued on appeal, defendants contend that "[t]he trial court committed reversible error by entering summary judgment [in favor of plaintiff] because the entry of said order was in contravention of the previous order of the Honorable Thomas S. Watts . . . which stated that 'this action shall be tried on the issue of damages only.'" Defendants maintain that "[b]y granting Plaintiff's Motion for Summary Judgment on the issue of damages, Judge Grant overruled Judge Watts' order that the action be tried on the issue of damages." We disagree.

The record in this case indicates that Judge Watts entered his order granting plaintiff summary judgment on the issue of liability pursuant to a "Stipulation" entered into by the parties and a motion for "partial" summary judgment filed by plaintiff. Both the parties' "Stipulation" and plaintiff's motion specifically limited the court's consideration to the issue of liability and preserved the issue of damages for later determination. Therefore, the issue of damages was never before Judge Watts, and the language of his order stating that "this action shall be tried on the issue of damages only" was mere surplusage to insure that the damages issue was reserved for further determination following the entry of summary judgment on the issue of liability. Thus, the entry of Judge Grant's order awarding damages and attorney's fees to plaintiff was not in contravention to or in any way a modification of the previous order entered by Judge Watts. This contention is without merit.

[3] Defendants' final contention on appeal is that the trial court erred in granting plaintiff's motion for summary judgment because there were genuine issues of fact regarding the amount of money owed plaintiff by defendants. We disagree.

We have reviewed the record in its entirety, including the affidavits submitted by both plaintiff and defendants in support of and in opposition to plaintiff's motion for summary judgment and find that the evidence clearly supports plaintiff's allegation in its complaint as to the amount of defendants' indebtedness.

We note that although we have considered the affidavit of defendant Mark S. Bissell filed in opposition to plaintiff's motion for summary judgment, portions of this affidavit, on its face, do not meet the admissibility requirements set forth in Rule 56(e) since the statements contained therein were made "on information and belief" rather than from the affiant's personal knowledge. See N.C.R. Civ. P. 56(e); Singleton v. Stewart, 280 N.C. 460, 186 S.E.2d 400 (1972).

In this affidavit, defendant Bissell stated in part:

8. That on information and belief, approximately one-half of a tractor-trailer load of forms was left on site by Symons Corporation when they retook possession of the other forms.

9. That on information and belief, the forms which Symons Corporation left behind on the job site are still on the job site, and that Symons Corporation has the ability to locate these forms and retake their possession.

10. That on information and belief, Symons Corporation has not attempted to retake the possession of these forms.

11. That Symons Corporation has instead "sold" these forms to Quality Concrete Construction, Inc., for the amount of Sixteen Thousand Eight Hundred Fifty-Five and 77/100 Dollars ($16,855.77).

19. That my Guaranty and the Guaranty of Frank Rogers was effectively revoked as of January 5, 1989.

20. That neither my Guaranty or the Guaranty of Frank Rogers was in effect on January 13, 1989, or January 31, 1989.

21. That on January 13, 1989, and January 31, 1989, the total sum of Eighteen Thousand Two Hundred Eighteen and

66/100 Dollars (18,218.66) was billed to Quality Concrete Construction, Inc., by Symons Corporation.

22. That because Frank Rogers and I revoked our Guaranty prior to the dates on which the Eighteen Thousand Two Hundred Eighteen and 66/100 Dollars ($18,218.66) were charged to Quality Concrete Construction, Inc., we do not Guaranty those debts and are not responsible for them.

23. That on information and belief, Quality Concrete Construction, Inc., made the following payments to Symons Corporation which have not been credited to the account of Quality Concrete Construction, Inc.:

| Check # | Date | Amount |
|---------|------|--------|
| 0123 | 1-5-88 | $5,000.00 |
| 0199 | 2-19-88 | $1,333.55 |
| 0471 | 6-17-88 | $7,000.00 |
| 0597 | 7-29-88 | $4,000.00 |
| 0705 | 9-6-88 | $5,000.00 |
| | TOTAL: | $22,333.55 |

Plaintiff submitted the affidavit of Mr. R. A. Kosmicki, the Regional Credit Manager of Symons Corporation, and defendants' "Customer History Report," outlining the transactions between plaintiff and defendants. In his affidavit, Mr. Kosmicki stated that:

13. The total charges for rental and/or purchase of Symons concrete equipment and related accessories was $84,128.69;

The defendant corporation made the following payments on account:

| | |
|---|---|
| Check #123 | $5,000.00 |
| Check #199 | 1,333.55 |
| Check #471 | 7,000.00 |
| Check #597 | 4,000.00 |
| Check #705 | 5,000.00 |
| TOTAL PAYMENTS | $22,333.55 |

14. The gross rental and purchase amount for all jobs is $84,128.69 less the total payments made by defendant corporation on account of $22,333.55 leaving a balance owing of $61,795.14.

EEE-ZZZ LAY DRAIN CO. v. N.C. DEPT. OF HUMAN RESOURCES

[108 N.C. App. 24 (1992)]

15. Included in the total balance of $61,795.14 owed, are charges for equipment not returned by defendants to plaintiff corporation, in the amount of $16,855.77.

16. The affiant acknowledges receiving a notice dated November 28, 1988, of termination of guaranty agreement executed by Richard Burke, Mark S. Bissell and Frank W. Rogers, the date of said guaranty agreement being March 9, 1988; the only charges made to the defendant corporation's account after the receipt of said notice were for equipment rented to the defendant corporation which was already in the defendant corporation's possession at the time of receipt of said notice of termination and by the express provisions of said guaranty agreement, the guarantors are not released from items already rented to the purchaser (defendant corporation) at the time of the receipt of the notice of termination.

These affidavits clearly establish that the amount of defendants' indebtedness to plaintiff is $61,795.14, the amount demanded in plaintiff's complaint. The evidence presented did not raise any issue of fact, and the trial judge properly entered summary judgment for plaintiff and awarded plaintiff the sum of $61,795.14. The order of the trial court is affirmed.

Affirmed.

Judges ARNOLD and WELLS concur.