PRECISION FABRICS GROUP v. TRANSFORMER SALES AND SERVICE

[120 N.C. App. 866 (1995)]

PRECISION FABRICS GROUP, INC. v. TRANSFORMER SALES AND SERVICE, INC.

No. COA94-1181

(Filed 21 November 1995)

**1. Trial § 60 (NCI4th)— summary judgment hearing—plaintiff's evidence not timely served, filed, or authenticated**

The trial court properly refused to consider plaintiff's affidavit and purchase order in a summary judgment hearing where the affidavit was not served in a timely manner; the affidavit was not filed prior to the day of the hearing; and the purchase order was not properly authenticated.

**Am Jur 2d, Summary Judgment §§ 16, 20.**

**2. Negligence § 104 (NCI4th)— negligent manufacture of transformer alleged—summary judgment motion—burden met by defendant**

In an action to recover for negligent manufacture of a transformer, defendant carried its burden of proof on a summary judgment motion where defendant's uncontroverted evidence established that the transformer was tested and met national industry standards before it was delivered to plaintiff; the transformer was made of new materials and there was no indication of any defect in the materials or the transformer after it was manufactured; the transformer was properly designed; and plaintiff offered nothing to counter defendant's evidence.

**Am Jur 2d, Negligence § 21; Products Liability §§ 224, 302.**

Appeal by plaintiff from order entered 8 July 1994 in Guilford County Superior Court by Judge Catherine C. Eagles. Heard in the Court of Appeals 18 October 1995.

*Cozen and O'Connor, by Pamela M. Pearson, for plaintiff-appellant.*

*Mast, Morris, Schulz & Mast, by Bradley N. Schulz and George B. Mast, for defendant-appellee.*

. GREENE, Judge. .

Precision Fabrics Group, Inc. (plaintiff) appeals from an order granting summary judgment for Transformer Sales and Service, Inc. (defendant) entered 8 July 1994.

Plaintiff filed an amended complaint on 17 August 1992, alleging breach of implied warranty and negligence after a transformer manufactured by defendant and sold to plaintiff failed to operate properly six months after delivery. Plaintiff's negligence action stated that defendant failed to properly design the transformer, failed to properly manufacture the winding coils and use uncontaminated oil, failed to properly inspect the transformer, and "otherwise fail[ed] to use that degree of skill, care, caution and prudence reasonably expected of a manufacturer and distributor in similar circumstances . . . ." Plaintiff also alleged that through defendant's negligence, defendant breached implied warranties of merchantability and fitness because the transformer, among other things, was not "fit for the purpose for which it was sold or purchased, . . . was not made of good and merchantable materials, . . . contained defective and improperly manufactured windings, [and] was not properly inspected, tested, or serviced . . . ."

Defendant denied any breach of warranty or negligence and asserted several affirmative defenses, including contributory negligence and assumption of risk. On 21 June 1994, defendant made a motion for summary judgment, submitting affidavits of William F. Outlaw (Outlaw), its Vice-President, and Johnny B. Dagenhart (Dagenhart), a registered professional engineer.

Outlaw's affidavit stated, among other things, that defendant's design of the transformer "meets and exceeds all the requirements for proper performance of this unit," and "[e]ngineering guidelines utilized in the design . . . are in accordance with ANSI (American National Standard Institute) and NEMA maintenance standards . . . ." Further, the transformer was thoroughly tested before leaving the plant and tests did not indicate any defect within the unit. The materials used to construct the transformer were new and "were represented by the suppliers as being of good quality."

On 1 July 1994 plaintiff served defendant, by mail, with an affidavit in opposition to the summary judgment motion, and attached to the affidavit was an unverified purchase order. At the hearing, held 5 July 1994, defendant moved the court to receive into evidence Outlaw's and Dagenhart's affidavits as well as defendant's answers to

plaintiff's first set of discovery, and Dagenhart's deposition. Plaintiff moved the court to receive plaintiff's affidavit and the purchase order. Plaintiff's documents had not been filed with the court at that time, but were filed with the court later that morning. The attorney for the defendant stated in open court that he had not yet received the plaintiff's documents. The trial court found that plaintiff's affidavit and purchase order had not been properly served on defendant or filed with the court "at least one day prior to this matter coming on for hearing on 5 July 1994[,]" and "[p]ursuant to *Battle v. Nash*, . . . the Rules of Civil Procedure, and in its discretion, the Court chooses not to receive" these items. It also found that the purchase order had not been properly authenticated. Summary judgment was granted for defendant and plaintiff now appeals.

The issues are whether (I) the trial court erred in refusing to consider plaintiff's evidence in opposition to defendant's summary judgment motion; and (II) the defendant satisfied its burden of proof that there existed no genuine issue of material fact.

I

**[1]** Plaintiff argues that it served and filed its affidavit and purchase order in a timely fashion and that this evidence should have been received and considered by the trial court. We disagree.

There is no dispute that the plaintiff's affidavit was served on the defendant's attorney, within the meaning of Rule 5(b), on 1 July 1994. N.C.G.S. § 1A-1, Rule 5(b) (1990). The plaintiff's attorney certified that on 1 July 1994 she deposited the documents in the mail addressed to defendant's attorney. Whether the service was timely requires the application of several rules. Affidavits in opposition to summary judgment must be served "not later than one day before the hearing." N.C.G.S. § 1A-1, Rule 6(d) (1990); N.C.G.S. § 1A-1, Rule 56(c) (1990). In computing the period of time, "the day of the act . . . is not to be included" and "[t]he last day of the period . . . is to be included, unless it is a Saturday, Sunday or a legal holiday . . . ." N.C.G.S. § 1A-1, Rule 6(a) (1990). When the service is by mail, three days must be added to the prescribed period. *See* N.C.G.S. § 1A-1, Rule 6(e) (1990); *Trust Co. v. Rush*, 17 N.C. App. 564, 566, 195 S.E.2d 96, 97-98 (1973). In applying these rules, we take judicial notice that 1 July 1994 was a Friday, 2 July 1994 was a Saturday, 3 July 1994 was a Sunday, and 4 July 1994 was a legal holiday.

[120 N.C. App. 866 (1995)]

In this case, because the service of the plaintiff's affidavit was made by mail, the plaintiff was required to serve the documents four days prior to the date of the hearing. In computing the four days, the days of 2 July through 4 July must be excluded. Thus, in order for the service to be timely it had to be mailed on 27 June 1994. Accordingly, the service by mail on 1 July 1994 was not timely and the trial court properly refused to consider the plaintiff's documents.

For an additional reason, the trial court properly refused to consider the plaintiff's affidavit in opposition to the summary judgment. This Court has held that Rule 56(c) implicitly requires that opposing affidavits be "filed prior to the day of the [summary judgment] hearing." *Nationwide Ins. Co. v. Chantos*, 21 N.C. App. 129, 130, 203 S.E.2d 421, 423 (1974); *but see* N.C.G.S. § 1A-1, Rule 5(d) (1990) (permitting filing "before service or within five days" after service). In this case, the filing of the documents did not occur until the day of the hearing.

The purchase order the plaintiff attempted to offer, however, is not subject to the same prior filing requirement, *Battle v. Nash Tech. College*, 103 N.C. App. 120, 128, 404 S.E.2d 703, 707 (1991) (Greene, J., concurring), and is admissible if properly authenticated. N.C.G.S. § 1A-1, Rule 56(e) (1990). In this case it was not properly authenticated and thus properly excluded by the trial court.

II

**[2]** Plaintiff argues that even if the affidavit was properly excluded, summary judgment was erroneously granted because defendant did not present evidence sufficient to satisfy its burden of proof that no genuine issue of material fact existed in the record.

Because plaintiff's evidence at the hearing was properly excluded, the issue is whether defendant carried its burden of proof. *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989). Plaintiff alleged negligence by defendant in manufacturing the transformer, "and in so doing [defendant] breached implied warranties of merchantability." Defendant's uncontroverted evidence establishes that the transformer was tested and met national industry standards before it was delivered to plaintiff; that the transformer was made of new materials and there was no indication of any defect in the materials or the transformer after it was manufactured; and that the transformer was properly designed. This evidence refutes the allegations of the complaint and supports the motion for summary

JACKSON v. CAROLINA HARDWOOD CO.

[120 N.C. App. 870 (1995)]

judgment. Because the plaintiff offered nothing to counter defendant's evidence, summary judgment for the defendant was proper. N.C.G.S. § 1A-1, Rule 56(e) (1990) (adverse party cannot rest on mere allegations of pleadings but must "set forth specific facts showing that there is a genuine issue for trial").

Affirmed.

Chief Judge ARNOLD and Judge SMITH concur.