PRECISION FABRICS GROUP, INC. v. TRANSFORMER SALES AND SERVICE, INC.

No. 568PA95

(Filed 8 November 1996)

## 1. Trial § 60 (NCI4th)— affidavit opposing summary judgment—timely filing on date of hearing

An affidavit by plaintiff's expert in opposition to defendant's motion for summary judgment was filed within five days of service as required by Rule 5(d) where plaintiff served the affidavit on

1 July by mailing it to defendant's attorney and filed it with the court on 5 July, the date of the summary judgment hearing. N.C.G.S. § 1A-1, Rule 5(d).

**Am Jur 2d, Summary Judgment § 20.**

**2. Trial § 60 (NCI4th)— affidavit opposing summary judgment—time for filing**

Nothing in Rule 56(c) or any other rule requires the "filing" of an affidavit in opposition to a summary judgment motion prior to the day of the summary judgment hearing. N.C.G.S. § 1A-1, Rule 56(c).

**Am Jur 2d, Summary Judgment § 20.**

**3. Trial § 60 (NCI4th)— affidavit opposing summary judgment—deposit in mail—service prior to day of hearing**

An affidavit by plaintiff's expert in opposition to defendant's motion for summary judgment was served on defendant's attorney within the meaning of Rule 5(b) when her attorney deposited it in the mail on 1 July addressed to defendant's attorney. Furthermore, plaintiff met the requirement of Rule 56(c) that the opposing affidavit be served "prior to the day of the hearing" and the requirement of Rule 6(d) that it be served "not later than one day before the hearing" where the hearing was scheduled for 5 July. N.C.G.S. § 1A-1, Rules 5(b) and 6(d).

**Am Jur 2d, Summary Judgment § 20.**

**4. Trial § 60 (NCI4th)— affidavit opposing summary judgment—time for serving—Rule 6(e) inapplicable**

Rule 6(e), which allows a party an additional three days "to do some act or take some proceedings" when notice is served by mail, was inapplicable to the computation of time for plaintiff to serve an affidavit in opposition to defendant's motion for summary judgment since there was no act or proceeding for defendant to complete within a prescribed period of time upon service of plaintiff's affidavit. N.C.G.S. § 1A-1, Rule 6(e).

**Am Jur 2d, Summary Judgment § 20.**

**5. Trial § 60 (NCI4th)— affidavit timely served and filed—court's refusal to consider—summary judgment improper**

Where the affidavit of plaintiff's expert was timely served by mail four days before the hearing on defendant's motion for sum-

mary judgment and was timely filed with the court on the day of the hearing, the trial court erred by refusing to consider the affidavit even if defendant's attorney had not yet received it. Therefore, the trial court erred in entering summary judgment for defendant based upon its conclusion that plaintiff had presented no evidence in opposition to defendant's summary judgment motion.

**Am Jur 2d, Summary Judgment § 20.**

Chief Justice MITCHELL dissenting.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 120 N.C. App. 866, 463 S.E.2d 787 (1995), affirming an order allowing defendant's motion for summary judgment entered by Eagles, J., at the 5 July 1994 Civil Session of Superior Court, Guilford County. Heard in the Supreme Court 11 September 1996.

*Cozen and O'Connor, by Paul A. Reichs, for plaintiff-appellant.*

*Mast, Morris, Schulz & Mast, P.A., by Bradley N. Schulz and George B. Mast, for defendant-appellee.*

ORR, Justice.

In this case, we must decide whether the Court of Appeals erred in affirming the trial court's order granting defendant's motion for summary judgment. Specifically, this action involves interpretation of the statutory time periods for serving and filing affidavits in opposition to a motion for summary judgment. The trial court's summary judgment order was based upon its conclusion that plaintiff had presented no evidence in opposition to defendant's motion. At the hearing, the trial court refused to consider plaintiff's expert's affidavit contesting the motion on the grounds that the affidavit had not been served on defendant nor filed with the court in a timely fashion.

In summary, this case arises out of the sale of a purportedly defective transformer by defendant, Transformer Sales and Service, Inc. (TSS), to plaintiff, Precision Fabrics Group, Inc. The initial complaint in the case was filed on 25 June 1992. Subsequently, plaintiff filed an amended complaint on 17 August 1992, alleging breach of implied warranty and negligence after a transformer manufactured by defendant failed to operate properly. Plaintiff's negligence claim stated that defendant failed to properly design the transformer; failed

to properly manufacture the winding coils and use uncontaminated oil; failed to properly inspect the transformer; and "otherwise fail[ed] to use that degree of skill, care, caution and prudence reasonably expected of a manufacturer and a distributor in similar circumstances." Plaintiff further alleged that defendant breached implied warranties of merchantability and fitness. Defendant answered, denying any breach of warranty or negligence and asserting several affirmative defenses, including contributory negligence and assumption of risk.

On 21 June 1994, defendant served plaintiff by mail with a motion for summary judgment along with the supporting affidavits of William F. Outlaw, defendant's vice-president of transformer sales, and John B. Dagenhart, a registered professional engineer. Defendant also included in the mailing to plaintiff a document entitled "Notice of Hearing." This document stated that the motion for summary judgment was to be heard in Superior Court, Guilford County, on Tuesday, 5 July 1994, at 10:00 a.m. The motion, supporting affidavits, and notice of hearing were also mailed to the Guilford County Clerk of Superior Court on 21 June 1994 and filed with the court on 23 June 1994.

William Outlaw's affidavit stated, among other things, that defendant's design of the transformer "meets and exceeds all the requirements needed for proper performance of this unit" and "[e]ngineering guidelines utilized in the design . . . are in accordance with ANSI (American National Standard Institute) and NEMA [National Electrical Manufacturers Association] maintenance standards." Further, the transformer was thoroughly tested before leaving the plant, and tests did not indicate any defect within the unit. The materials used to construct the transformer were new and "were represented by the suppliers as being of good quality."

The other affidavit submitted by defendant, that of John B. Dagenhart, stated, among other things, that "[t]he materials used by TSS to construct the transformer were represented to them by the suppliers as being of good quality." Also, the "tests conducted by TSS during and after construction did not indicate any defect within the transformer." Dagenhart further stated that "[t]here is no evidence that TSS knowingly shipped a defective transformer or negligently produced a defective transformer." He concluded by stating that "PRECISION's continued use of the transformer without notifying TSS of the overheating problem was unreasonable and may have

PRECISION FABRICS GROUP v. TRANSFORMER SALES AND SERVICE

[344 N.C. 713 (1996)]

directly contributed to the damages which PRECISION seeks to recover from TSS."

On 1 July 1994, plaintiff mailed to defendant an affidavit in opposition to the summary judgment motion and attached an unverified purchase order. These documents were filed with the court on 5 July 1994, the day the hearing was scheduled. The record is unclear as to whether the filing occurred before, during, or immediately after the hearing. However, counsel for plaintiff and defendant have stipulated that the affidavit in opposition to the summary judgment motion was filed in the clerk's office at 10:55 a.m. Motion hearings for that day were scheduled to begin at 10:00 a.m., but the record does not reflect at what time this motion was actually heard.

Based upon representations made by counsel at oral argument and findings of fact by the trial court, the summary judgment hearing proceeded as follows: First, counsel for defendant argued in favor of the motion and submitted to the court the affidavits of John Dagenhart and William Outlaw, the deposition of John Dagenhart, and defendant's answers to plaintiff's first set of interrogatories. At the conclusion of defendant's argument, counsel for plaintiff inquired as to why no mention was made of plaintiff's affidavit in opposition to the motion during defendant's argument. The trial court then asked counsel for plaintiff what affidavit he was speaking of, as the trial court had no such affidavit in the file. At that point, plaintiff attempted to tender his affidavit in opposition to the summary judgment motion. Defendant objected to the admission of the affidavit on the grounds that he had not been served with a copy of it. Upon further inquiry of defendant's counsel, the trial court learned that defendant's counsel had not seen plaintiff's affidavit in opposition to the motion until plaintiff's tender of the affidavit at the hearing.

The trial court subsequently declined to accept plaintiff's affidavit for consideration. This was transcribed into an order granting defendant's motion for summary judgment, including findings of fact and conclusions of law made by the trial court because of the special circumstances involved in this particular hearing. In its order, the trial court concluded that plaintiff's affidavit had not been properly served on defendant or filed with the court "at least one day prior to this matter coming on for hearing on July 5, 1994" and "[p]ursuant to *Battle v. Nash [Technical College]*, 103 N.C. App. 120, [404] S.E.2d [703] (1991), the Rules of Civil Procedure, and in its discretion, the

Court chooses not to receive" plaintiff's affidavit in opposition to the motion. The trial court further concluded: "Based on the pleadings, discovery, Affidavits of John Dagenhart and William Outlaw, and the deposition of John Dagenhart, the Court finds that there is no genuine question as to any material fact, and defendant is entitled to [summary] judgment as a matter of law." The Court of Appeals affirmed the trial court's order.

Plaintiff contends the trial court erred in excluding the affidavit, thereby resulting in the granting of defendant's motion for summary judgment. Under Rule 56(c), a motion for summary judgment "shall be rendered . . . if the pleadings, depositions, . . . affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c) (1990). In the case before us, the trial court granted summary judgment because there was no evidence admitted in opposition to the summary judgment motion and because defendant's evidence was sufficient, since uncontested, to grant summary judgment to defendant. Plaintiff's expert's affidavit, the only evidence presented in opposition to the motion, was excluded on the grounds that it had not been served on defendant or filed with the court in a timely fashion. We hold that the trial court's grant of summary judgment, which was based upon its refusal to consider the affidavit, was error.

[1] We will first address the issue of whether plaintiff's opposing affidavit was timely filed with the court. Rule 5(d) concerns the filing requirements for pleadings subsequent to the complaint and other papers, requiring that they shall be

*filed with the court either before service or within five days thereafter* . . . . With respect to all pleadings and other papers as to which service and return has not been made in the manner provided in Rule 4, proof of service shall be made by filing with the court a certificate either by the attorney or the party that the paper was served in the manner prescribed by this rule, or a certificate of acceptance of service by the attorney or the party to be served.

N.C.G.S. § 1A-1, Rule 5(d) (1990) (emphasis added). In the present case, plaintiff complied with Rule 5(d) by filing the affidavit with the court on the day of the hearing. As the affidavit was served (as discussed hereafter) on 1 July 1994 and filed on 5 July 1994, it was filed within five days of service. Thus, as the above analysis demonstrates, plaintiff complied with Rule 5(d).

PRECISION FABRICS GROUP v. TRANSFORMER SALES AND SERVICE

[344 N.C. 713 (1996)]

In the opinion below, the Court of Appeals cited to *Nationwide Mut. Ins. Co. v. Chantos,* in stating that "Rule 56(c) implicitly requires that opposing affidavits be 'filed prior to the day of the [summary judgment] hearing.' " *Precision Fabrics Group, Inc. v. Transformer Sales & Service, Inc.,* 120 N.C. App. 866, 869, 463 S.E.2d 787, 789 (1995) (quoting *Nationwide Mut. Ins. Co. v. Chantos,* 21 N.C. App. 129, 130, 203 S.E.2d 421, 423 (1974)). In *Nationwide,* the Court of Appeals focused on the legislative intent in applying Rule 56(c) and found that it *implicitly* requires that affidavits in support of a motion for summary judgment be filed *and* served prior to the date of the summary judgment hearing. The issue before the Court of Appeals related to the allowance of affidavits in support of a motion for summary judgment where the moving party withheld serving and filing the affidavits until the day of the hearing on the motion. Relying on that portion of Rule 56(c) which specifically provides that opposing affidavits may be served by the adverse party prior to the day of the hearing, the Court of Appeals continued:

> It is clear that opposing affidavits are to be served prior to the day of the hearing. It follows that the clear intent of the legislature is that supporting affidavits should be filed and served sufficiently in advance of the hearing to permit opposing affidavits to be filed prior to the day of the hearing.

*Nationwide,* 21 N.C. App. at 130, 203 S.E.2d at 423.

[2] This Court has held that " 'the province of construction lies wholly within the domain of ambiguity, and . . . if the language used is clear and admits but one meaning, the Legislature should be taken to mean what it has plainly expressed.' " *Nova Univ. v. Board of Governors,* 305 N.C. 156, 170, 287 S.E.2d 872, 881 (1982) (quoting *Asbury v. Town of Albemarle,* 162 N.C. 247, 250, 78 S.E. 146, 148 (1913)) (alteration in original). Since nothing in Rule 56(c) or any other rule specifically requires "filing" of the opposing affidavit prior to the day of the summary judgment hearing, we must decline to, in effect, amend the Rules. "If changes seem desirable, it is a matter for the legislature." *Powell v. Board of Trustees,* 3 N.C. App. 39, 43, 164 S.E.2d 80, 83 (1968).

[3] We now turn to the issue of whether plaintiff's affidavit was served on defendant in a timely manner. Rule 5(b) provides in pertinent part:

> With respect to all pleadings subsequent to the original complaint and other papers required or permitted to be served, service with

due return . . . may be made upon either the party or, unless service upon the party himself is ordered by the court, upon his attorney of record. With respect to such other pleadings and papers, service upon the attorney or upon a party may also be made by delivering a copy to him or by mailing it to him at his last known address or, if no address is known, by filing it with the clerk of court . . . . *Service by mail shall be complete upon deposit of the pleading or paper enclosed in a post-paid, properly addressed wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service.*

N.C.G.S. § 1A-1, Rule 5(b) (emphasis added). Here, counsel for plaintiff attested that on 1 July 1994, she deposited the documents in the mail addressed to defendant's attorney. Thus, plaintiff's affidavit was served on defendant's attorney within the meaning of Rule 5(b), service being "complete upon deposit . . . in a post office or official depository under the exclusive care and custody of the United States Postal Service." Therefore, plaintiff served defendant with the affidavit in opposition to the summary judgment motion on 1 July 1994.

The next rule applicable to this case is Rule 56(c), which provides that "[t]he adverse party *prior to the day of hearing* may serve opposing affidavits." N.C.G.S. § 1A-1, Rule 56(c) (1990) (emphasis added). In the present case, the hearing was scheduled for 5 July 1994. Plaintiff complied with the requirements in Rule 56(c) by placing the affidavit in the mail on 1 July 1994 and thus served the opposing affidavit "prior to the day of hearing." Service, as noted, was complete upon depositing the affidavit in the mail.

Finally, Rule 6(d) specifically provides, "When a motion is supported by affidavit, the affidavit shall be served with the motion; and except as otherwise provided in Rule 59(c), opposing affidavits may unless the court permits them to be served at some other time be *served not later than one day before the hearing.*" N.C.G.S. § 1A-1, Rule 6(d) (1990) (emphasis added). Thus, from a timing standpoint, as service occurred upon mailing, plaintiff also complied with Rule 6(d), as 1 July 1994 is not later than "one day before the hearing," which occurred on 5 July 1994.

[4] In the opinion below, the Court of Appeals relied on Rule 6(e) for the computation of time allowed for serving an affidavit in opposition to a summary judgment motion with the court. Rule 6(e) provides:

Whenever a party has the right to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period.

N.C.G.S. § 1A-1, Rule 6(e). This rule is not applicable to the case at bar. "Rule 6(e) allows a party an additional three days 'to do some act or take some proceedings' when notice is served by mail." *Symons Corp. v. Quality Concrete Constr., Inc.*, 108 N.C. App. 17, 20, 422 S.E.2d 365, 367 (1992) (quoting N.C.G.S. § 1A-1, Rule 6(e)). In the present case, there is no act or proceeding for defendant to complete within a prescribed period of time upon service of plaintiff's affidavit. "Rule 6(e) was designed to 'alleviate the disparity between constructive and actual notice when the mailing of notice begins a designated period of time for the performance of some right.'" *Williams v. Moore*, 95 N.C. App. 601, 604, 383 S.E.2d 416, 417 (1989) (quoting *Planters Nat'l Bank & Trust Co. v. Rush*, 17 N.C. App. 564, 566, 195 S.E.2d 96, 97 (1973)).

Further, *Battle v. Nash Technical College*, the case relied on by the trial court in excluding plaintiff's affidavit, is distinguishable from the case at bar. 103 N.C. App. 120, 404 S.E.2d 703. In *Battle*, the Court of Appeals affirmed the trial court's action in refusing to consider opposing affidavits "presented" on the day of the hearing. However, in that case, there was no suggestion that this material was served at an earlier time. In the present case, the affidavit was in fact served by mail on defendant prior to the day of the hearing. In *Battle*, because the affidavit had not been served prior to the hearing and thus did not meet the requirements of the Rules of Civil Procedure, it was properly excluded by the trial court.

[5] Finally, we note that the trial court is provided a great deal of discretion in continuing a hearing on a motion for summary judgment, and in this case, a continuance would have been an appropriate solution to the problem presented. The established practice is well summarized in the treatise on North Carolina Civil Procedure by G. Gray Wilson which, in discussing Rule 6(d), provides:

On its face, the rule also permits opposing affidavits to be served by mail on the day prior to the hearing, even where the moving party may not receive the affidavits before the hearing. The court is not authorized to disregard such affidavits on that basis. In that event, the court should exercise its discretion to continue the hearing if requested.

G. Gray Wilson, *I North Carolina Civil Procedure*, § 6-5, at 112 (2d ed. 1995). Here, neither party requested that the hearing be continued. However, even without a request by a party, it is still within the trial court's discretion to continue the hearing in order to give defendant's counsel time to respond to plaintiff's counter affidavit. Refusing to consider an affidavit which is timely served and filed, even if defendant's attorney had not yet received it, is error.

For the foregoing reasons, we hold the trial court improperly granted defendant's motion for summary judgment. Therefore, we reverse and remand the case to the Court of Appeals for further remand to Superior Court, Guilford County, for reconsideration of defendant's motion for summary judgment after admitting plaintiff's affidavit.

REVERSED AND REMANDED.

Chief Justice MITCHELL dissenting.

I believe that N.C.G.S. § 1A-1, Rule 56(c) implicitly requires that the plaintiff's opposing affidavits be filed in this case prior to the day of the summary judgment hearing. *Nationwide Ins. Co. v. Chantos*, 21 N.C. App. 129, 130, 203 S.E.2d 421, 423 (1974). The plaintiff failed to comply with that requirement. Therefore, I dissent from the decision of the majority and would hold that the Court of Appeals did not err in affirming the trial court's order allowing defendant's motion for summary judgment.