Ikerd v. Greenwood, 2008 NCBC 9.

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| COUNTY OF CATAWBA | 07 CVS 4447 |

W. STEVE IKERD and BETTY IKERD,

        Plaintiffs,

    v.

DALE V. GREENWOOD;
NO PUN GREENWOOD;
THE DALE V. GREENWOOD
IRREVOCABLE TRUST DATED
MAY 8, 2002;
ROBERT H. PRENTICE, TRUSTEE;
DKG I, LLC;
DKG II, LLC; and
ETHC, LLC,

        Defendants.

**ORDER CLARIFYING ORDER
DENYING DESIGNATION AS A
MANDATORY COMPLEX BUSINESS
CASE**

This Court entered an Order on April 8, 2008, (the "April 8 Order") in the above-captioned case denying designation of this action as a mandatory complex business case on the grounds that the Notice of Designation (the "Notice") was filed outside of the time limits prescribed by North Carolina General Statute section 7A-45.4 ("Section 7A-45.4"). In the April 8 Order, the Court recited that the original complaint was filed in Catawba County on December 17, 2007, and that the amended complaint was filed on January 15, 2008. The Court relied on those dates for triggering the period during which a party has to file a Notice of Designation. It has recently come to the Court's attention, however, that Defendant Dale V. Greenwood ("Defendant") was not *served* with the original complaint until January 31, 2008. The filed-stamped copy of the civil summons was filed in the Catawba County Clerks Office on February 1, 2008, and shows the date of return as January 31, 2008.

> The Notice of Designation shall be *filed*: (1) By the plaintiff, the third-party plaintiff, or the petitioner for judicial review contemporaneously with the filing of the complaint, third-party complaint, or the petition for judicial review in the action. (2) By any intervenor when the intervenor files a motion for permission to intervene in the action. (3) By any defendant or any other party within 30 days of receipt of service of the pleading seeking relief from the defendant or party.

N.C. Gen. Stat. § 7A-45.4(c)(3) (LEXIS through 2007 legislation) (emphasis added).

Defendant faxed the Notice of Designation and accompanying documents to the Chief Justice and the Chief Judge of the Business Court on February 29, 2008. Copies were faxed to Plaintiffs' counsel. The filed-stamped copy of the Notice was e-mailed to the undersigned Business Court judge on March 14, 2008. Filing does not occur until the pleading or other papers are received by the clerk of court unless the judge has permitted the papers to be filed with him. N.C.R. Civ. P. 5(e)(1). Section 7A-45.4 allows a party to designate an action a complex business case "by *filing* a Notice of Designation in the Superior Court in which the action has been filed and simultaneously *serving* the notice" on the opposing counsel, Chief Judge for the Business Court, and Chief Justice. N.C. Gen. Stat. § 7A-45.4(b) (emphasis added). The date stamp on the filed-stamped copy of the Notice shows that Defendant *filed* it with the clerk of court on March 5, 2008. As noted in the April 8 Order, the Notice was *served* February 29, 2008, and faxed to this Court on that day; however the date of *filing* is March 5, 2008.

Although the original complaint was filed December 17, 2007, Defendant was not served with that complaint until January 31, 2008. The time period within which Defendant had to file the Notice was triggered by the date the Defendant was served with the original complaint—January 31, 2008. *See* N.C. Gen. Stat § 7A-45.4(d); *see also Williams v. Moore*, 95 N.C. App. 601, 604, 383 S.E.2d 416, 417 (1989) (finding that the three day extension allowed under Rule 6(e) of the North Carolina Rules of Civil Procedure did not apply when the deadline for a filing was triggered by date of service and not mailing). Defendant had thirty days from January 31, 2008, to file the Notice. The day of filing is not included in counting the

prescribed period. N.C.R. Civ. P. 6(a). Thirty days from January 31, 2008, falls on March 1, 2008, a Saturday. Defendant had until Monday, March 3, 2008, to file the Notice of Designation. *See id.* Defendant filed the Notice with the Clerk of Court in Catawba County on March 5, 2008.

It appears from the Certificate of Service and the Business Court file that the Notice was served on the Chief Justice, the Chief Judge for the Business Court, and opposing counsel by fax on February 29, 2008, which would have been within the time permitted if it had been filed at that time. The Notice was not filed with the Clerk of Court of Catawba County until March 5, 2008, which was after the time permitted. The Court holds that serving a copy of the Notice and accompanying documents on the office of the Chief Justice or the office of the Chief Judge of the Business Court is not sufficient for filing under the statute. "Filing" does not occur until the Notice is filed with the Superior Court in which the action originated. The party filing the Notice has the burden to show that it has been timely filed. In this instance, Defendant has not met that burden.

For the reason given above, the Court hereby DENIES designation of this case as a mandatory complex business case. The Court again reminds the parties that this case can still be designated a Rule 2.1 exceptional civil case and assigned to the undersigned upon recommendation of the Senior Resident Superior Court Judge.

IT IS SO ORDERED this the 30 day of April, 2008.